■ JAPCAP ESTABLISHMENT, INC., Plaintiff, v TRUST FOR CULTURAL RESOURCES OF THE CITY OF NEW YORK et al., Defendants. TRUST FOR CULTURAL RESOURCES OF THE CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Respondents, v JAPCAP ESTABLISHMENT, INC., Third-Party Defendant,

and MAURIZIO GUCCI, Third-Party Defendant-Appellant. MUSEUM TOWER CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents, and MUSEUM TOWER ASSOCIATES, Additional Third-Party Plaintiff-Respondent, v MITCHELL T. BERLANT, Third-Party Defendant. MAURIZIO GUCCI, Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (Grossman, J.), entered November 23, 1984, which *inter alia,* denied the motion of third-party defendant Maurizio Gucci to dismiss the third-party complaints of the Trust for Cultural Resources of the City of New York, Museum of Modern Art, and Arlen Realty, and the Museum Tower Corporation, Charles Shaw, and the Museum Tower Associates, against him, unanimously modified, on the law, to the extent of granting the motion to dismiss the third-party complaint of the Museum Tower Corporation, Charles Shaw, and the Museum Tower Associates, and, as modified, affirmed, without costs.

The limited issue raised on this appeal is whether a cause of action for conspiracy is stated by two third-party complaints seeking recovery from Maurizio Gucci, one of the principal owners of plaintiff Japcap Establishment (Japcap), a Liechtenstein corporation owned and controlled by Gucci. In November 1977, Japcap entered into an agreement with Arlen Realty (Arlen), through Arlen's agent Mitchell Berlant, by which it allegedly contracted to purchase the upper three floors of the Museum Tower Condominium to be built over the Museum of Modern Art (MOMA) at 11 West 53rd Street, in Manhattan. In December 1979, Museum Tower Corporation (MTC) replaced Arlen as the developer. Plaintiff seeks specific performance or damages arising out of an alleged breach of the agreement. Defendants in the main action and third-party plaintiffs are (1) MOMA, the Trust For Cultural Resources of the City of New York (Trust), the owner of the property located at 11 West 53rd Street, and Arlen, the prior developer and purported seller, and (2) MTC, the current developer, and MTC's principal, Charles Shaw. Museum Tower Associates (MTA), the owner of MTC's business assets and properties, is responsible for its liabilities and joined the latter group of defendants as an additional third-party plaintiff.

By third-party complaints against Japcap and Gucci, and counterclaims against Gucci, defendants seek recovery for any damages assessed in the main action and legal fees. They allege that Arlen's agent, Berlant, owed them an independent duty of fidelity. They also allege that Gucci actively induced Berlant to breach his fiduciary duties. Defendants specifically

allege that Berlant breached these duties of loyalty and trust to Arlen in failing to disclose to Arlen that plaintiff had been willing to pay 20% more than the contract price and that he had accepted a 40% interest in the proceeds of plaintiff's resale of the premises. Defendants further assert that Berlant induced Japcap to commence this action; copied, and provided Japcap with Arlen's confidential files which included, *inter alia,* privileged attorney-client communications; and, assisted Japcap in depositing the down payment check which Arlen returned (the sole remedy for breach under the terms of the contract) into a sham escrow account. Special Term consolidated the Japcap and Gucci motions to dismiss the third-party complaints on the ground of insufficiency. Gucci appeals from that portion of the order which denied his motions. We modify to the extent of granting the motion to dismiss the third-party complaint of MTC, MTA, and Charles Shaw.

A third-party defendant may be liable where he breaches an independent duty owed to the defendant third-party plaintiff, where the injury for which recovery is sought in the main action is a natural, foreseeable consequence of the breach. *(Hanley v Fox,* 97 AD2d 606, 607; *see also, Cohen Agency v Perlman Agency,* 69 AD2d 725, 733-734, *affd* 51 NY2d 358, 365-366.) Deeming the third-party complaints to allege whatever can be implied from fair and reasonable interpretation of their allegations, as we must on a motion to dismiss for insufficiency, we find that the prerequisite element of independent "duty" is lacking with respect to MTC, MTA, and Shaw. Gucci and his alleged coconspirator Berlant neither shared, nor owed an independent duty to them. Berlant owed an independent duty, as agent, to Arlen, MOMA, and the Trust. Gucci may be liable to these defendants based upon his knowing participation with Berlant in his breach of fiduciary duties. *(Wechsler v Brown,* 285 NY 284, 291.) However, MTC, MTA, and Shaw cannot rely upon Gucci's alleged active inducement of Berlant's breach of trust. Assuming, arguendo, that the conspiracy between Gucci and Berlant effectively procured an interest in the Tower for Japcap, it was prior to MTC's designation as developer. It is also significant that these defendants are not Arlen's direct successor; rather Arlen's designation as developer was canceled in exchange for a settlement payment by the Trust. The Trust then designated MTC as developer and agreed to indemnify it against plaintiff's lawsuit.

On the other hand, defendants' third-party complaints and counterclaims clearly state a cause of action for reimburse-

ment of legal fees incurred in defending this action based upon Gucci's alleged tortious conduct. *(See, Coopers & Lybrand v Levitt,* 52 AD2d 493, 496.) Gucci's contention that plaintiff Japcap is his alter ego and should be deemed a related party to this litigation, rather than a stranger, is unconvincing. We dismiss the third-party complaint of MTC, MTA, and Shaw in its entirety, since identical counterclaims have been asserted by MTC and Shaw in their respective answers. Concur—Kupferman, J. P., Sullivan, Carro, Fein and Rosenberger, JJ.