(March 1, 1994)

■ Bridgford Hunt, Appellant, v Peter Sharp et al., Respondents. Bridgford Hunt et al., Counterclaim Defendants-Appellants. [608 NYS2d 188] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered November 20, 1992, granting defendants and counterclaim plaintiffs' motion to confirm the Special Referee's report awarding them $406,138 in legal fees and interest thereon as against the additional counterclaim defendants, unanimously reversed, on the law, and the order vacated, without costs.

Order and judgment (one paper) of the same court entered February 20, 1991, which dismissed the plaintiff's complaint, seeking a permanent injunction restoring the subject building to its original condition and declared that defendants have the right, pursuant to the Condominium Declaration and By-Laws of the Condominium to perform structural alterations, improvements or repairs to the north basement wall of the subject garage unit owned and operated by them and found, under defendants' first counterclaim, that the additional counterclaim defendants were liable for defendants and counterclaim plaintiffs' attorneys' fees, severed such counterclaim and referred the matter to a Referee to hear and report solely as to the amount of damages, unanimously modified, on the law, only to the extent of reversing and vacating the finding of liability on defendants' first counterclaim and dismissing such counterclaim and, as so modified, the order and judgment is otherwise affirmed, without costs.

The appeal by plaintiff and the additional counterclaim defendants from the final order in this action entered November 20, 1992 brings up for review the court's prior order and judgment of February 20, 1991, which necessarily affects such final order (CPLR 5501 [a] [1]).

As to the merits of the appeal, the record supports the IAS Court's findings of fact and conclusions of law that defendants had the right to perform structural alterations, improvements or repairs to the north basement wall of the garage unit at the Elysabeth Condominium, located at 35 East 38th Street, pursuant to the Condominium Declaration and By-Laws, for the purpose of joining it with a garage owned by a related company in an adjoining building. The additional counterclaim defendants, the individual board members of the Condominium, cannot avail themselves of the business judgment rule inasmuch as the trial court properly found that, after first failing to act upon defendants' application within the time required by the By-Laws, they acted in bad faith in denying defendants and counterclaim plaintiffs' application to alter the basement garage unit to expand it and make its operation fiscally efficient (see, Smukler v 12 Lofts Realty, 178 AD2d 125).

However, the trial court improperly applied the third-party exception to the long-standing American rule described in Shindler v Lamb (25 Misc 2d 810, affd 10 AD2d 826, affd 9 NY2d 621) concerning counterclaim plaintiffs' entitlement to legal fees inasmuch as, unlike Japcap Establishment v Trust for Cultural Resources (115 AD2d 382), which involved a corporation and one of its principals who was also being sued in his individual capacity, plaintiff Hunt, who sued defendants as president of the Condominium's board of managers, and the additional counterclaim defendants, who collectively constitute such board, are clearly the alter ego or parties through which the Elysabeth Condominium, an unincorporated association which is neither a partnership nor a corporation and has no existence independent of its members (Martin v Curran, 303 NY 276, 280; see generally, General Associations Law art 3), conducts its affairs. Thus, the trial court's finding in its March 21, 1991 decision that "defendant Sharp was required to defend an action by the Elysabeth Condominium Association as a result of a wrongful act committed by the third-party defendants, the individual board members" is erroneous. There is simply no third party involved in this action; moreover, the third-party exception has no application here because only one action is involved and there is no "earlier litigation with a third person" as is necessary to bring defendants' counterclaim within the exception to the rule (Shindler v Lamb, supra, at 812 [absent any contractual or statutory liability therefor, attorneys' fees incurred in litigating a claim are not recoverable as an item of damages either in that suit

or a subsequent one, except where, through the wrongful act of his or her present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect his or her interests]). Concur—Murphy, P. J., Kupferman, Asch and Nardelli, JJ.