◼ MILLIE JOSEPHS et al, Respondents, v WILLIAM OLIVER, Defendant, and MAURICE ZIMMERMAN, Appellant.—In a medical malpractice action, defendant Maurice Zimmerman appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated November 29, 1974, as (1) denied his motion to compel plaintiff Millie Josephs to serve him with authorizations to inspect certain hospital records and (2) upon reargument, adhered to the original determination. Order reversed insofar as appealed from, with $20 costs and disbursements, and motion granted to the extent that plaintiff Millie Josephs is directed to deliver to appellant an authorization to review and copy the results of any electrocardiogram tests which may have been performed upon her at the Columbia Presbyterian Hospital approximately 10 months before she came under the medical care of appellants. Such delivery shall be made to appellant, or his attorney, within 10 days after the service upon plaintiffs' attorney of a copy of the order to be made hereon together with notice of entry thereof. Plaintiff Millie Josephs alleges malpractice in that appellant failed to diagnose and treat a cardiac condition and failed to have an electrocardiogram test taken of her. While the results of an electrocardiogram taken 10 months before the beginning of appellant's care of Millie Josephs may or may not be relevant at trial, considering the allegations presented here, such results are " 'sufficiently related to the issues in litigation to make the effort to obtain [them] in preparation for trial reasonable' " *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406–407) and therefore are discoverable under CPLR 3121. Plaintiff Millie Josephs placed her physical condition in controversy by commencing this action and thereby waived the physician-patient privilege (see CPLR 3101, subd [b]) with regard to matters relating to such condition *(Koump v Smith,* 25 NY2d 287; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3121.01, p 31–389). The electrocardiogram tracings sought to be discovered are sufficiently related to Millie Josephs' alleged physical impairment to be covered by the waiver (cf. *Mancinelli v Texas Eastern Transmission Corp.,* 34 AD2d 535). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

◼ MARY P. LAMB, Appellant, v JOHN A. LAMB, Respondent.—Order of the Supreme Court, Westchester County, entered May 28, 1974, affirmed insofar as appealed from, without costs and without prejudice to plaintiff, if so advised, to make an application for counsel fees at Special Term *(Roscini v Roscini,* 45 AD2d 254). Rabin, Acting P. J., Hopkins, Latham, Christ and Shapiro, JJ., concur.