■ KONA SIMON et al., Appellants, v CUNARD LINE LIMITED, Respondent.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered March 10, 1987, which denied the plaintiff's motion for class action certification with prejudice, unanimously affirmed, without costs.

Plaintiffs, who were passengers aboard defendant's ship *Queen Elizabeth II* during a December 1977-January 1978 Carribean cruise, commenced this action in 1978 for damages resulting from alleged inferior service and accommodations aboard the luxury liner. The claimed deficiencies include allegations that there was an inadequate supply of fresh water aboard, that the ship's engines malfunctioned, that the air conditioning did not work properly, that the ship failed to stop at scheduled ports of call, that dirty and unhealthy conditions prevailed on board, that the crew wore dirty uniforms and were indifferent to passenger needs, and that passengers suffered various other inconveniences.

In 1979, the Simon plaintiffs moved for class action certification, which was granted by the Supreme Court with certain exclusions—i.e., those 188 passengers who had already adjusted their claims with defendant. That decision was reversed by this court in June 1980 (75 AD2d 283) because it was concluded that the factual record, at that juncture, was inadequate to permit the granting of such relief. The reversal was without prejudice to renewal "after limited discovery as to the nature and size of the class" (*supra,* at 291).

Twice thereafter, in 1983 and in 1984, plaintiffs again moved for class action certification and on each occasion the motion was denied because the discovery which this court deemed essential had not yet taken place. The instant appeal is from a denial of plaintiff's fourth application for class certification. When that application was made in May 1986, one deposition had finally taken place.

We agree with the IAS Justice that the desultory manner in which this litigation has been pursued contraindicates that plaintiffs, as representative parties, "will fairly and adequately protect the interests of the class" as required by CPLR 901 (4). While plaintiffs seek to attribute the extended delay herein to "dilatory tactics" on the part of defense counsel, it is clear that plaintiffs themselves have failed to proceed with dispatch and diligence in obtaining the requisite discovery. Having undertaken to protect the interests of the purported class, plaintiffs were under an obligation to pursue such cause with vigor. That obligation can hardly be said to have been

properly fulfilled in light of the inordinate six-year delay in pursuing precertification discovery, which even at this late stage fails to fully and adequately provide the necessary factual predicates. Plaintiffs' failure to vigorously prosecute this nine-year-old action militates against permitting them to represent the class and provides good cause to deny class certification. *(See, McGowan v Faulkner Concrete Pipe Co.,* 659 F2d 554; *Lau v Standard Oil Co.,* 70 FRD 526.)* Concur—Sandler, J. P., Sullivan, Carro and Ellerin, JJ.