■ BARBARA SMUKLER, Respondent, v 12 LOFTS REALTY, INC., et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered June 5, 1989, denying defendants' motion to dismiss the complaint for failure to comply with court-ordered discovery, or in the alternative to compel plaintiff to comply, unanimously affirmed, with costs.

Plaintiff, the owner of shares on the top floor of defendant cooperative corporation's 12-story loft-apartment building, commenced this action for damages and injunctive relief arising out of, *inter alia,* the actions of members of the corporation's screening committee. Specifically, the complaint alleged a pattern of harassment against plaintiff in an attempt to gain access to the 12th-floor elevator landing and roof for the purposes of establishing a common area. *(Smukler v 12 Lofts Realty,* 156 AD2d 161, *lv denied* 76 NY2d 701.) After issue was joined, defendants served notice of discovery and inspection requiring plaintiff to secure authorization as to all records reflecting medical treatment "claimed to have been obtained by plaintiff as a result of acts alleged in the complaint." At a preliminary conference on October 14, 1988 the court directed plaintiff to comply with "this notice since she claimed to have suffered severe emotional distress due to defendants' actions." Initially, plaintiff limited authorization for release of her medical records as to treatment rendered on

November 10, 1987 only. After the 8A order was amended to direct plaintiff to provide unrestricted authorization related to all medical treatment received "on or about the time of the alleged injury", plaintiff forwarded a disclosure release for "the years 1987 through and including February 1988". On appeal, the defendants argue that plaintiff did not comply with the 8A order in that she did not authorize release of all medical records without restriction as to date. However, under the facts herein, we find that plaintiff complied with defendants' discovery request and the court's pretrial discovery order. *(See generally, Hoenig v Westphal, 52 NY2d 605.)* Consequently, defendants' motion to strike the pleading for noncompliance was properly denied. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.