■ BARBARA SMUKLER, Respondent, v 12 LOFTS REALTY, INC., et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered November 14, 1990, granting plaintiff's motion for a preliminary injunction enjoining defendants from adopting and amending by-laws, proprietary leases and share certificates of defendant 12 Lofts Realty, Inc., which may terminate, diminish or impair plaintiff's rights, unanimously affirmed, with costs; order of the same court, same Justice, entered May 23, 1991, denying plaintiff's motion for a protective order and granting defendants' cross-motion to compel depositions to the extent of permitting limited depositions of plaintiff and Victor Smukler, unanimously affirmed, with costs; and two orders, same court, same Justice, both entered July 1, 1991, denying defendants' motions brought by order to show cause to strike the note of issue and to award defendants summary judgment, unanimously modified on the law, the facts and in the exercise of discretion to provide that the denials are without prejudice to a further motion for summary judgment as to the tenth and eleventh causes of action, and otherwise affirmed, without costs.

The relevant facts have previously been set out by this Court in two prior appeals (Smukler v 12 Lofts Realty, 156 AD2d 161; 167 AD2d 119). We find that the IAS court properly weighed the relevant criteria (see, Grant Co. v Srogi, 52 NY2d 496, 517) in granting plaintiff a preliminary injunction. In particular, we find that plaintiff has demonstrated a likelihood of success on the merits in establishing that the proposed amendments to the proprietary lease constituted a diminishment of her property rights and that defendants had attempted to accomplish by lease amendments what could not be accomplished by negotiation with plaintiff or plaintiff's potential purchaser. Therefore, the status quo should be maintained. Contrary to defendants' claims, Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530) does not preclude granting of the preliminary injunction because of protections afforded directors pursuant to the business judgment rule. Notwithstanding insulation provided to board members by the rule, it does not preclude judicial review of a board's exercise of discretion where it is claimed that the board was acting in bad faith and deliberately singled plaintiff out for disparate treatment or that the board has not acted upon proper notice.

We find that the limitations imposed by the IAS court's May 23, 1991 order on further deposition of plaintiff and deposition of her non-party husband Victor Smukler and the denial of discovery imposed by that order as to various other non-party witnesses were appropriate. Defendants failed to adequately justify a broader scope of inquiry or to demonstrate that the limitations deprived them of deposition testimony relevant and necessary for preparation for trial *(New England Mut. Life Ins. Co. v Kelly,* 113 AD2d 285). In view of the propriety of these limitations, it was also proper to direct the filing of the note of issue. In any event, defendants suffered no prejudice, since the court later afforded the parties an opportunity of further discovery.

The IAS court did not err in refusing to sign defendants' order to show cause and summarily denying defendants' motion seeking to strike plaintiff's note of issue on the grounds that discovery had not been completed. This motion was frivolous, since the court had already recognized that further discovery had to be conducted and had afforded the parties an opportunity to list and schedule discovery needs. Regarding the court's similar response to defendants' order to show cause bringing on a motion for summary judgment, as to the first through ninth causes of action, the court acted properly, since summary judgment had already been sought and denied. However, as to the tenth and eleventh causes of action, which had been added by amendment since the prior denial of summary judgment, it appears that the only basis for the court's refusal to sign the order to show cause was that it was in violation of the court's prior order prohibiting further motion practice. The court is not entitled to impose such a condition *(Matter of Hochberg v Davis,* 171 AD2d 192). Therefore, our affirmance is without prejudice to defendants moving by notice of motion for summary judgment directed specifically to the tenth and eleventh causes of action. Concur— Carro, J. P., Rosenberger, Ellerin, Smith and Rubin, JJ.