■ DANTE O. LATIBEAUDIERE et al., Appellants, v CITY OF NEW ROCHELLE et al., Respondents. [657 NYS2d 1001] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered April 18, 1996, as denied their motion pursuant to CPLR 3103 for a protective order against certain requested discovery, and granted that branch of the cross motion of the defendants which was for the imposition of sanctions and attorneys' fees.

Ordered that the order is modified, on the law, by (1) deleting the first decretal paragraph thereof which denied the plaintiffs' motion for a protective order as to items 1 a, b, d, e, f, g, and h of the defendants' demand for medical authorizations representing seven hospital/medical centers and substituting therefor a decretal paragraph granting the motion to the extent of directing the plaintiffs to produce the records of the seven hospital/medical centers to the court for an in camera review and otherwise denying the motion, (2) deleting the second decretal paragraph which granted that branch of the defendants' cross motion which was for the imposition of sanctions and attorneys' fees and substituting therefor a decretal paragraph denying that branch of the defendants' cross motion, and (3) deleting the third decretal paragraph thereof; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an in camera inspection of the records of the seven hospital/medical centers to be produced by the plaintiffs, and a determination as to which parts thereof, if any, shall be disclosed to the defendants.

In the plaintiffs' verified bill of particulars, it was alleged that the infant plaintiff suffered physical and psychological injuries which "were caused, precipitated, aggravated and/or

exacerbated" by the negligence of the defendants. Based on this allegation, the defendants demanded, *inter alia,* medical records from seven hospitals which allegedly treated the infant plaintiff prior to the subject incident. On the present record, it is impossible to determine if, and to what extent, the requested medical records are material and necessary to the defense (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407). Accordingly, the plaintiffs are directed to produce these records to the Supreme Court, Westchester County, for an in camera inspection, and a determination as to which parts thereof, if any, shall be disclosed to the defendants (*see, Walker v City of New York,* 205 AD2d 755, 756).

Finally, we are of the view that the plaintiff did not engage in frivolous conduct, and therefore the imposition of sanctions and attorneys' fees was improper (*see generally,* 22 NYCRR 130-1.1 [c] [1], [2]). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.