■ LINDA ZAPPI, Respondent, v PEDIGREE SKI SHOP, INC., Appellant. [664 NYS2d 57] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), dated September 5, 1996, as (1) granted the plaintiff a protective order against the defendant's "notice for discovery and inspection", seeking disclosure of records from Dr. Bello, Mt. Sinai Hospital, and American International Group Insurance Company, (2) required the defendant to obtain court approval before making additional discovery motions, and (3) denied the defendant's request to further depose the plaintiff.

Ordered that the order is modified by deleting the provision thereof which granted the plaintiff a protective order against the defendant's demand for (1) the disclosure of Dr. Bello's records as they related to the plaintiff's pregnancy, (2) the records of Mt. Sinai Hospital, and (3) the plaintiff's disability records kept by the American International Group Insurance Company, and substituting therefor a provision directing an in camera inspection of those records; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, to determine if the records contain any material and necessary information that should be disclosed.

CPLR 3101 (a) has been liberally construed to require disclosure of all matter that will assist in the preparation of trial (*see, Hoenig v Westphal*, 52 NY2d 605, 608). When a plaintiff's mental or physical condition has been put into issue, the plaintiff waives the physician-patient privilege insofar as it relates to the condition in controversy (*see, Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457; *Hoenig v Westphal, supra*). The plaintiff here testified at her examination before trial that her pregnancy may have contributed to or caused some of her physical injuries. Moreover, she has alleged

that such injuries are still continuing. Under these circumstances, the defendant is entitled to disclosure of the aforementioned records to the extent that they relate to matters in controversy in this action (cf., Sgambellone v Wheatley, 165 Misc 2d 954). However, due to the prejudice that may result from the disclosure of the plaintiff's gynecological and obstetrical reports, and of her disability records, and because it appears that a large portion of the material contained in those records may not be properly discoverable by the defendant, an in camera inspection by the Supreme Court is warranted. Any matter determined by the Supreme Court to be material and necessary to the defense of this case should thereafter be disclosed to the defendant.

Additionally, in light of the defendant's general abuse of the discovery process in this case, the Supreme Court did not improvidently exercise its discretion by requiring the defendant to seek judicial approval for further discovery motions (see, CPLR 3103 [a]; Matter of Walsh v Design Concepts, 221 AD2d 454; Kaplan v Herbstein, 175 AD2d 200).

The defendant's remaining contentions are without merit (see, Roberts v Ausable Chasm Co., 47 AD2d 979). Ritter, J. P., Copertino, Pizzuto and Luciano, JJ., concur.