■ MICHAEL SADICARIO et al., Respondents, v STYLEBUILT ACCESSORIES, INC., Appellant. [673 NYS2d 697] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated March 10, 1997, as granted that branch of the plaintiffs' cross motion which was for a protective order barring disclosure of the plaintiff Michael Sadicario's military hospital and medical records from the Vietnam War.

Ordered that the order is modified, as a matter of discretion, by deleting therefrom the provision barring disclosure of the plaintiff Michael Sadicario's military hospital and medical records from the Vietnam War, and substituting therefor a provision directing the plaintiffs to produce the plaintiff Michael Sadicario's Veterans' Administration medical and hospital records as relate to the treatments rendered to him as a result of his military service during the Vietnam War for in camera review by the Supreme Court, Queens County, and a determination as to which parts thereof, if any, shall be disclosed to the defendant; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for an in camera review of those records.

The plaintiff Michael Sadicario suffered a cerebral hemorrhage, allegedly as a result of exposure to toxic fumes on the defendant's premises. The defendant demanded authorizations for release of Sadicario's Veterans' Administration hospital and medical records relating to treatments rendered to him as a result of his military service during the Vietnam War. The defendant claims, "upon information and belief", that Sadicario was wounded in combat in Vietnam, and that those injuries could constitute an external cause for his cerebral hemorrhage.

By commencing the instant action, Sadicario has waived the doctor-patient privilege with respect to any physical or mental condition which is affirmatively placed in controversy, but not with respect to unrelated illnesses or treatments (*see, Zappi v Pedigree Ski Shop,* 244 AD2d 331; *Iseman v Delmar Med.-Dental Bldg.,* 113 AD2d 276, 278).

On this record it is impossible to determine if Sadicario suffered injuries while in the military, or if he did, whether the injuries have any relevance to this case. Since it is impossible to determine if and to what extent the medical records are material and necessary to the defense, the plaintiffs are directed to produce these records to the Supreme Court, Queens County, for an in camera inspection, and a determination as to which parts thereof, if any, shall be disclosed to the defendant (*see, Latibeaudiere v City of New Rochelle,* 239 AD2d 318; *Zappi v Pedigree Ski Shop, supra*). Rosenblatt, J. P., Ritter, Altman and Krausman, JJ., concur.