■ JANET COTTRELL et al., Respondents, v VICTOR WEINSTEIN, Appellant. [704 NYS2d 650] —In an action to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated January 5, 1999, which granted the plaintiffs' motion to, in effect, limit the production of the office records of Dr. Louis A. Capello to records of medications prescribed by him at the time of the plaintiff Janet Cottrell's treatment by the defendant, and any observations made by Dr. Capello during her hospitalization, and denied the defendant's cross motion to compel disclosure of all medical and hospital records of the plaintiff Janet Cottrell maintained by Dr. Capello, the Cabrini Medical Center, and Mary Immaculate Hospital.

Ordered that the order is affirmed, with costs.

In this medical malpractice action, the plaintiffs alleged that the defendant, Dr. Victor Weinstein, negligently prescribed the drug Maxaquin to the plaintiff Janet Cottrell (hereinafter Cottrell). The defendant sought authorization for full disclosure of psychiatric records maintained by Dr. Louis Capello, a psychiatrist, disclosure of medical records from Cabrini Medical Center (hereinafter Cabrini) of the plaintiff's treatment for depression, and Mary Immaculate Hospital (hereinafter Mary Immaculate) of the plaintiff's treatment for Epstein-Barr Virus. The Supreme Court ordered certain records of Dr. Capello to be delivered for an in camera inspection to determine their relevance to this action, but denied further disclosure of the Cabrini and Mary Immaculate records.

The Supreme Court properly determined that the psychiatric records were not subject to disclosure because Cottrell's

psychological condition was not at issue (*see,* CPLR 3103; *Kohn v Fisch,* 262 AD2d 535; *Strong v Brookhaven Mem. Hosp. Med. Ctr.,* 240 AD2d 726). Further, the Supreme Court correctly concluded that the additional medical records sought by the defendant were not relevant or material for the purposes of discovery because they pertained to unrelated illnesses and treatments (*see, Sadicario v Stylebuilt Accessories,* 250 AD2d 830; *Zappi v Pedigree Ski Shop,* 244 AD2d 331). Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.