■ LUCILLE DESTRANGE, Respondent, v ALLAN H. LIND et al., Appellants. [716 NYS2d 105] —In an action to recover damages for medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 27, 1999, as granted the plaintiff's cross motion for a protective order limiting the disclosure of her medical records to five years before the accrual of her cause of action herein.

Ordered that the order is affirmed insofar as appealed from, with costs.

By commencing this action to recover damages for medical malpractice, the plaintiff waived the physician-patient privilege with respect to her relevant past medical history (*see,* CPLR 3121; *Coddington v Lisk,* 249 AD2d 817). That waiver must be read in conjunction with the mandate of CPLR 3101 (a), which provides for disclosure of all matter "material and

necessary" to the defense of the action (*see, Andon v 302-304 Mott St. Assocs.,* 94 NY2d 740). The Supreme Court providently exercised its discretion in limiting the defendants' access to the plaintiff's past medical records to the five-year period before the alleged acts of malpractice in controversy, as the defendants failed to demonstrate that access to earlier medical records would result in the discovery of admissible or relevant evidence (*see, King v Salvation Army,* 240 AD2d 473; *Manley v New York City Hous. Auth.,* 190 AD2d 600).

The defendants' remaining contentions are without merit. O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.