■ SUSAN CARBONI, Respondent-Appellant, v NEW YORK MEDICAL COLLEGE et al., Defendants, and RAMAMOHANA R. KANCHERLA et al., Appellants-Respondents. [736 NYS2d 250] —In an action to recover damages for personal injuries, the defendants Ramamohana R. Kancherla, Diane E. Lake, Tauseef Ahmed, and Karen P. Seiter appeal from so much of an order of the Supreme Court, Westchester County (Coppola, J.), dated November 28, 2000, as granted that branch of the plaintiff's motion which sought a protective order denying their requests for discovery of the psychiatric and psychological records of the plaintiff's decedent, and the plaintiff cross-appeals from so much of the same order as denied that branch of her motion which sought a protective order denying the defendants' requests for collateral source information.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and that branch of the plaintiff's motion which was for a protective order denying the defendants' requests for collateral source records is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is well settled that a party waives the physician-patient privilege by affirmatively placing his or her physical or mental condition in issue (*see, Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 456-457; *Prink v Rockefeller Ctr.,* 48 NY2d 309; *Koump v Smith,* 25 NY2d 287; *Zimmer v Cathedral School of St. Mary & St. Paul,* 204 AD2d 538, 539). However, a party does not waive the privilege with respect to unrelated illnesses or treatments (*see, Sadicario v Stylebuilt Accessories,* 250 AD2d 830; *Zappi v Pedigree Ski Shop,* 244 AD2d 331). In the instant case, since the plaintiff withdrew claims based on the decedent's psychiatric and psychological injuries, the Supreme Court properly determined that the decedent's psychiatric and

psychological records were not subject to disclosure (*see, Kohn v Fisch,* 262 AD2d 535; *Strong v Brookhaven Mem. Hosp. Med. Ctr.,* 240 AD2d 726).

However, the Supreme Court also should have granted the plaintiff a protective order denying the defendants' requests for collateral source information as the plaintiff has not sought to recover the costs of any medical care, custodial care, or rehabilitation services, loss of earnings or other economic loss (*see,* CPLR 4545 [a]). Ritter, Acting P.J., Feuerstein, Goldstein, Friedmann and Crane, JJ., concur.