■ ARNOLD GOLDBERG, Appellant, v SIDNEY FENIG et al., Respondents. [751 NYS2d 546] —In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated July 27, 2001, as granted those branches of the defendants' motion which were to compel him to provide authorizations for the release of certain psychiatric records and to produce his wife for a deposition to answer questions concerning his psychiatric history and denied his cross motion for a protective order precluding the defendants from engaging in any discovery regarding his psychiatric or psychological treatment.

Ordered that the order is reversed insofar as appealed from, with costs, the branches of the motion which were to compel the plaintiff to provide authorizations and to produce his wife for a deposition to answer questions concerning his psychiatric history are denied, and the cross motion for a protective order is granted.

The Supreme Court improperly granted that branch of the defendants' motion which was to compel the plaintiff to provide authorizations for release of his psychiatric records and denied the plaintiff's cross motion for a protective order. Under the particular circumstances of this case, once the plaintiff withdrew any claim for psychiatric or psychological injuries, his "psychiatric records were not subject to disclosure because [his] psychological condition was not at issue" (*Cottrell v Weinstein*, 270 AD2d 449, 449-450; *see* CPLR 3103; *Kohn v Fisch*, 262 AD2d 535; *Strong v Brookhaven Mem. Hosp. Med. Ctr.*, 240 AD2d 726). Moreover, we agree with the plaintiff that neither he nor his wife should be compelled to answer deposition questions regarding his psychiatric history. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.