■ WILLIAM McLANE et al., Appellants, v JOHN DAMIANO, Respondent. [762 NYS2d 814] —In an action to recover damages for dental malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 17, 2003, as granted that branch of the defendant's motion which was to compel production of all medical and hospital records of the injured plaintiff maintained by "Dr. Gessman, Dr. Joseph McGinn, Dr. Snyder, Dr. Tijani, Dr. Mookuen Lee, Seaview Radiology, HIP, Staten Island University Hospital South, and St. Vincent's Medical Center."

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to compel production of all medical and hospital records of the injured plaintiff maintained by "Dr. Gessman, Dr. Joseph McGinn, Dr. Snyder, Dr. Tijani, Dr. Mookuen Lee, Seaview Radiology, HIP, Staten Island University Hospital South, and St. Vincent's Medical Center" is denied.

By commencing this action for dental malpractice, the injured plaintiff waived the privilege of confidentiality pursuant to CPLR 4504 with respect to his relevant past dental history (*see* CPLR 3121 [a]; *Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 456-457 [1983]; *Hoenig v Westphal,* 52 NY2d 605, 608 [1981]; *Prink v Rockefeller Ctr.,* 48 NY2d 309 [1979]; *Koump v Smith,* 25 NY2d 287 [1969]). However, a party does not waive the privilege with respect to unrelated illnesses or treatments (*see Cottrell v Weinstein,* 270 AD2d 449 [2000]; *Kohn v Fisch,* 262 AD2d 535 [1999]; *Sadicario v Stylebuilt Accessories,* 250 AD2d 830 [1998]; *Zappi v Pedigree Ski Shop,* 244 AD2d 331 [1997]). In this case, the defendant failed to establish that the medical records that he sought to discover were material and necessary to the defense of this dental malpractice action (*see* CPLR 3101 [a]; *DeStrange v Lind,* 277 AD2d 344 [2000]; *King v Salvation Army,* 240 AD2d 473 [1997]; *Manley v New York City Hous. Auth.,* 190 AD2d 600 [1993]). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the defendant's motion which was to compel production of certain medical records unrelated to the physical condition in controversy. Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.