■ SHARON CHERVIN et al., Respondents, v JERZY MACURA et al., Appellants. [813 NYS2d 746]—

In an action to recover damages for medical malpractice and wrongful death, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated July 14, 2005, as denied those branches of their motion which were (1) to vacate so much of a preliminary conference order of the same court dated April 22, 2005, as directed the plaintiffs to provide authorizations for the decedent's medical records only to the extent of providing authorizations for medical records related to cardiology, gastroenterology and obesity treatment for five years prior to the decedent's death, (2) to compel the plaintiffs to comply with a notice to produce dated March 22, 2005, and (3) to compel the plaintiffs to provide bank and credit card account records of the plaintiff Sharon Chervin and the decedent.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in limiting the defendants' access to the decedent's past medical records to those records which were related to cardiology, gastroenterology, and obesity treatment and which were only for the five-year period prior to the decedent's death, as the defendants failed to demonstrate that all of the decedent's medical records were material and necessary to the defense of this action (*see* CPLR 3101 [a]; 3121; *Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 456-457 [1983]; *McLane v Damiano,* 307 AD2d 338 [2003]; *DeStrange v Lind,* 277 AD2d 344 [2000]; *Coddington v Lisk,* 249 AD2d 817 [1998]).

Furthermore, the Supreme Court properly denied that branch of the defendants' motion which was to compel the plaintiffs to comply with a notice to produce dated March 22, 2005, requesting production of financial documents pertaining to the decedent's lease of a Volvo and ownership of horses. The attorney's affirmation stating that these documents are relevant to the issue of pecuniary injuries, without more, was insuf-

ficient to establish a factual predicate for the disclosure of these financial records (*see Gonzalez v New York City Hous. Auth.,* 77 NY2d 663, 667 [1991]; *Parilis v Feinstein,* 49 NY2d 984, 985 [1980]; *Crazytown Furniture v Brooklyn Union Gas Co.,* 150 AD2d 420, 421 [1989]; *Herbst v Bruhn,* 106 AD2d 546, 549 [1984]).

Moreover, the Supreme Court properly denied that branch of the defendants' motion which sought to compel the plaintiffs to produce the bank and credit card account records of the individual plaintiff and the decedent since the affirmation submitted by the defendants' attorney failed to state that he had conferred with the plaintiffs' attorney in a good-faith effort to resolve the issues raised by that branch of the motion (*see* 22 NYCRR 202.7 [a]; CPLR 3124; *Barnes v NYNEX, Inc.,* 274 AD2d 368 [2000]; *Matos v Mira Realty Mgt. Corp.,* 240 AD2d 214 [1997]; *Romero v Korn,* 236 AD2d 598 [1997]). Florio, J.P., Santucci, Mastro and Rivera, JJ., concur.