SUSAN NAPOLI, Respondent, v JAMES CROVELLO, Defendant, and ELLEN KANNER, Appellant. [854 NYS2d 176]—

"The Supreme Court is vested with broad discretion in supervising disclosure, and its determination will not be disturbed absent an improvident exercise of that discretion" (*Nieves v City of New York,* 35 AD3d 557, 558 [2006]). Here, the Supreme Court providently exercised its discretion in denying the motion of the defendant Ellen Kanner (hereinafter Dr. Kanner) pursuant to CPLR 3124 to compel the plaintiff to provide an authorization pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) for the release of the plaintiff's psychiatric treatment records and in granting the plaintiff's motion for a protective order. Dr. Kanner failed to establish that the records she sought to discover were material and necessary to the defense of this action (*see* CPLR 3101 [a]; *McLane v Damiano,* 307 AD2d 338 [2003]). Moreover, although the decedent's medical records are clearly discoverable here (*see Scalone v Phelps Mem. Hosp. Ctr.,* 184 AD2d 65, 71 [1992]), the plaintiff's psychiatric treatment records are privileged (*see* CPLR 4504 [a]). The mere fact that the plaintiff commenced this action did not result in an automatic waiver of the physician-patient privilege (*see Scalone v Phelps Mem. Hosp. Ctr.,* 184 AD2d at 71) and there is no evidence that

the plaintiff affirmatively placed her psychiatric condition in issue so as to effect a waiver of the privilege and permit disclosure (*see* CPLR 3121 [a]; *Dillenbeck v Hess,* 73 NY2d 278, 287 [1989]). Accordingly, the plaintiff's psychiatric treatment records are not subject to disclosure (*see Scipio v Upsell,* 1 AD3d 500 [2003]; *Goldberg v Fenig,* 300 AD2d 439, 440 [2002]; *Cottrell v Weinstein,* 270 AD2d 449, 449-450 [2000]).

The parties' remaining contentions are without merit. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.