■ MARC MACDONELL et al., Appellants, v PHH MORTGAGE CORPORATION, Doing Business as PHH MORTGAGE SERVICES, Respondent. [940 NYS2d 151]—

In a putative class action, inter alia, to recover damages for violation of Real Property Law § 274-a, the plaintiffs appeal

from an order of the Supreme Court, Suffolk County (Emerson, J.), dated November 9, 2010, which denied their motion pursuant to CPLR 3124 to compel additional limited disclosure with respect to class certification.

Ordered that the order is affirmed, with costs.

The defendant held a mortgage on the plaintiffs' property. In anticipation of the sale of the premises, the plaintiffs requested a payoff statement from the defendant. The defendant provided the payoff documents to the plaintiffs and included a $40 fee to cover faxing costs. The plaintiffs paid the defendant's fee and sold their property. Thereafter, the plaintiffs commenced this action against the defendant alleging, inter alia, violations of Real Property Law § 274-a (2) and General Business Law § 349. As is relevant here, the parties entered into a so-ordered stipulation in September 2006 providing that their depositions and other discovery pertinent to the issue of class certification would be completed by October 15, 2006, and the time for the plaintiffs to move for class certification was extended to November 15, 2006. In an order dated April 12, 2007, the Supreme Court denied the plaintiffs' motion for class certification. There was no further activity in the case until the Supreme Court scheduled a status conference for July 15, 2010. Thereafter, the plaintiffs moved to compel additional limited disclosure with respect to class certification. The Supreme Court denied the motion and the plaintiffs appeal. We affirm.

"[T]he trial court has broad discretion in granting or denying disclosure" (*Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 16 [1999]). Its determination will not be disturbed absent an improvident exercise of that discretion (*see Napoli v Crovello*, 49 AD3d 699 [2008]; *Nieves v City of New York*, 35 AD3d 557, 558 [2006]). The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to compel additional, unspecified disclosure with respect to the issue of class certification. Even if an agreement existed between counsel for the parties to delay further proceedings in this matter (*but see* CPLR 2104; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355 [2005]), such purported agreement was not made until almost two years after the Supreme Court denied the plaintiffs' motion to certify the proposed class. The plaintiffs failed to sufficiently explain the intervening delay in seeking further disclosure on the issue of class certification (*see Simon v Cunard Line*, 136 AD2d 508, 508-509 [1988]). Dillon, J.P., Florio, Chambers and Lott, JJ., concur.