■ JASON ROMANCE et al., Respondents, v IRMA ZAVALA et al., Appellants. [950 NYS2d 390]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated July 13, 2011, as denied that branch of their motion which was to compel the plaintiffs to provide authorizations for the release of certain records.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendants' motion which was to compel the plaintiffs to provide authorizations for the release of the medi-

cal records of the plaintiff Jason Romance relating to treatment received, if any, for polycystic kidney disease and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiffs to provide authorizations for the release of the medical records of the plaintiff Jason Romance relating to treatment received, if any, for polycystic kidney disease from February 2005 to the present; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"It is well settled that a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983] [citation omitted]; *see* CPLR 3121 [a]; *O'Rourke v Chew*, 84 AD3d 1193, 1194 [2011]). Here, in their bill of particulars, the plaintiffs alleged, inter alia, that, as a result of the subject accident, the injured plaintiff, Jason Romance, sustained injury to his lower back and experienced difficulty urinating. Therefore, the injured plaintiff waived the physician-patient privilege with respect to his relevant prior medical history concerning those physical conditions, which he affirmatively placed in controversy (*see Koump v Smith*, 25 NY2d 287, 294 [1969]; *Sadicario v Stylebuilt Accessories*, 250 AD2d 830, 831 [1998]; *Josephs v Oliver*, 48 AD2d 688, 688 [1975]). In light of these allegations, the medical records concerning any treatment for the injured plaintiff's polycystic kidney disease were sufficiently related to those conditions so as to be covered by the waiver (*see Josephs v Oliver*, 48 AD2d at 688). However, the defendants' request, set forth in their notice to produce, that the authorization to obtain these records be unrestricted as to date was not reasonable (*see e.g. Smukler v 12 Lofts Realty*, 167 AD2d 119, 120 [1990]). Therefore, this authorization should be limited so as to authorize the release of the records relating to such treatment, if any, which occurred during the five-year period prior to the commencement of this action and up to the present time. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to compel the plaintiffs to provide authorizations for the release of the injured plaintiff's medical records relating to treatment received, if any, for polycystic kidney disease to the extent of directing the plaintiffs to provide authorizations for the release of the medical records of the injured plaintiff relating to treatment received, if any, for polycystic kidney disease from February 2005 to the present.

However, since a party does not waive the physician-patient privilege with respect to unrelated illnesses or injuries (*see McFarlane v County of Suffolk*, 60 AD3d 918, 918 [2009]; *Gill v Mancino*, 8 AD3d 340, 341 [2004]; *Carboni v New York Med. Coll.*, 290 AD2d 473, 473 [2002]), the defendants were not entitled to any of the other authorizations for the release of the injured plaintiff's medical records requested in their notice to produce, which sought disclosure of medical records pertaining to illnesses and injuries unrelated to the subject accident. Furthermore, CPLR 3101 (a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." "[T]he principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure" (*Buxbaum v Castro*, 82 AD3d 925, 925 [2011], quoting *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531, 531 [2007]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was to compel the plaintiffs to provide authorizations for the release of the injured plaintiff's medical records pertaining to illnesses and injuries unrelated to the subject accident, and authorizations for the release of other records, such as the injured plaintiff's health insurance records, the injured plaintiff's complete employment file with the New York City Fire Department, the file of "any attorney" who represented the injured plaintiff before the Medical Board of the Fire Department of New York, and the complete file of the injured plaintiff's auto insurer (*see Buxbaum v Castro*, 82 AD3d at 925; *Peluso v Red Rose Rest., Inc.*, 78 AD3d 802, 803 [2010]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.