Ajaka v Mount Sinai Hosp. (2020 NY Slip Op 07338)





Ajaka v Mount Sinai Hosp.


2020 NY Slip Op 07338


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-00243
 (Index No. 705751/18)

[*1]Ghassan Ajaka, etc., appellant, 
v
Mount Sinai Hospital, et al., respondents.


Edelman & Edelman, P.C., New York, NY (Alana Landa of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered November 27, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Mount Sinai Hospital and Mount Sinai Hospital of Queens, doing business as Mount Sinai Queens, and denied those branches of the plaintiff's cross motion which were to compel the production of certain medical records and to extend the plaintiff's time to file a certificate of merit pursuant to CPLR 3012-a(d).
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, (1) that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendants Mount Sinai Hospital and Mount Sinai Hospital of Queens, doing business as Mount Sinai Queens, is denied, (2) that branch of the plaintiff's cross motion which was to compel the defendants to produce certain medical records is granted to the extent that the defendants shall produce the medical records in the name of Joseph Ajaka for May 2016, which allegedly pertain to the decedent, for an in camera review by the Supreme Court, Queens County, in accordance with this decision and order to determine if said records should be released to the plaintiff, and (3) that branch of the plaintiff's cross motion which was to extend the plaintiff's time to file a certificate of merit pursuant to CPLR 3012-a(d) is granted to the extent that, upon the Supreme Court's in camera review of the aforesaid medical records, and subsequent release to the plaintiff, if the court so determines, the plaintiff shall serve the certificate of merit within 90 days thereafter.
In May 2016 the decedent Jiryes Ajaka allegedly made two visits to the emergency room at Mount Sinai Hospital Queens. On both occasions, he was allegedly treated and released. On the day following his second visit, the decedent collapsed and stopped breathing. He was then transported via ambulance to Elmhurst Hospital, where he was pronounced dead. The plaintiff, as the administrator of his deceased son's estate, commenced this action against the defendants Mount Sinai Hospital and Mount Sinai Hospital of Queens, doing business as Mount Sinai Queens (hereinafter together the hospital defendants), as well as Mount Sinai Medical Center, Inc., Mount Sinai Health System, Inc., and Mount Sinai Hospitals Group, Inc., alleging that the defendants [*2]"negligently, improperly and/or inadequately treated and diagnosed" the decedent.
In a pre-answer motion, the defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint as to all defendants. As is relevant here, in support of that branch of their motion which was to dismiss the complaint insofar as asserted against the hospital defendants, the defendants submitted affidavits from the Health Information Management Manager for Release of Information for the Mount Sinai Hospital and the Director of Medical Records for Mount Sinai Queens, which claimed that the defendants did not maintain any medical records of a patient under the decedent's name pertaining to treatment at the relevant time. The plaintiff opposed that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the hospital defendants. The plaintiff also cross-moved, inter alia, to compel the disclosure of the medical records which were allegedly mistakenly in the name of the decedent's brother and to extend the plaintiff's time to file a certificate of merit to 90 days after receipt of the requested medical records.
By order entered November 27, 2018, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.
Contrary to the defendants' contention, there was no basis, pursuant to CPLR 3211(a)(1), to dismiss the complaint insofar as asserted against the hospital defendants. A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88; Hinnant v Carrington Mtge. Servs., LLC, 172 AD3d 827, 828-829). In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as "documentary evidence," it must be "unambiguous, authentic, and undeniable" (Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 923, 924 [internal quotation marks omitted]). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (First Choice Plumbing Corp. v Miller Law Offs., PLLC, 164 AD3d 756, 758 [internal quotation marks omitted]). Here, the affidavits submitted by the defendants are not documentary evidence within the meaning of CPLR 3211(a)(1) and do not utterly refute the plaintiff's factual allegations (see Hartnagel v FTW Contr., 147 AD3d 819, 821).
We also disagree with the Supreme Court's determination directing dismissal of the complaint, pursuant to CPLR 3211(a)(7), insofar as asserted against the hospital defendants. "[T]he sole criterion [on such a motion] is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88). Here, the affidavits submitted by the defendants failed to establish as a matter of law that the plaintiff has no cause of action (see Leader v Steinway, Inc., 180 AD3d 886, 888; Clarke v Laidlaw Tr., Inc., 125 AD3d 920, 921; see also Guggenheimer v Ginzburg, 43 NY2d at 275).
We further disagree with the Supreme Court's denial of those branches of the plaintiff's cross motion which were to compel the defendants to produce certain medical records and to extend the plaintiff's time to file a certificate of merit pursuant to CPLR 3012-a(d). Public Health Law § 18 permits the personal representative of a decedent's estate to obtain the decedent's patient information upon written request (see Public Health Law § 18 [1][g]; [2][d]). Here, the defendants assert that they did not maintain any medical records of a patient under the decedent's name pertaining to treatment at the relevant time. However, the plaintiff contends that the medical records requested are mistakenly in the name of the decedent's brother, Joseph Ajaka. The plaintiff claims that the decedent inadvertently brought his brother's insurance card when he went to the emergency room. The plaintiff further contends that the decedent's sister and his brother, Joseph, provided the defendants with a letter dated May 25, 2016, and written statement dated May 31, 2016, respectively, regarding the alleged mistake; Joseph asserts that it was the decedent, not he, who was at the hospital on the relevant dates. Under these circumstances, an in camera review of the records at issue is warranted and a hearing if the Supreme Court deems necessary, and the defendants shall produce the [*3]medical records that are ascribed to Joseph Ajaka and allegedly pertain to the decedent to the Supreme Court to determine if there exists a sufficient basis to release the records to the plaintiff (see generally Sadicario v Stylebuilt Accessories, 250 AD2d 830, 831; Zappi v Pedigree Ski Shop, 244 AD2d 331, 332). Upon the Supreme Court's in camera review of the aforesaid medical records, and subsequent release to the plaintiff, if the court so determines, the plaintiff shall serve the certificate of merit within 90 days thereafter (see CPLR 3012-a[d]).
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court