Garland v City of New York (2021 NY Slip Op 00839)





Garland v City of New York


2021 NY Slip Op 00839


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-05831
 (Index No. 12782/15)

[*1]Theresa Garland, appellant, 
v
City of New York, et al., defendants, New York City Transit Authority, et al., respondents.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 4, 2019. The order, insofar as appealed from, denied the plaintiff's motion to vacate so much of a preliminary conference order of the same court (Martin Schneier, J.H.O.) dated August 6, 2018, as directed the plaintiff to provide authorizations for the release of all her medical records for the period beginning five years prior to the subject accident through the present.
ORDERED that the order dated April 4, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained while boarding a bus owned and operated by the defendants. On August 6, 2018, the Supreme Court issued a preliminary conference order, inter alia, directing the plaintiff to provide authorizations for the release of all her medical records for the period beginning five years prior to the subject accident through the present (hereinafter the disputed provision). The plaintiff moved to vacate the disputed provision on the ground that the demand was overbroad. The Supreme Court denied the motion, and the plaintiff appeals.
Although physician-patient communications are privileged under CPLR 4504, a plaintiff in a personal injury action will be deemed to have waived the privilege when he or she has affirmatively placed his or her mental or physical condition in issue (see O'Brien v Village of Babylon, 153 AD3d 547, 548). Moreover, once such a waiver has occurred, the plaintiff must provide duly executed and acknowledged written authorizations for the release of relevant medical records under the liberal discovery provisions of the CPLR (see Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457).
Here, contrary to the plaintiff's contention, she affirmatively placed her entire medical condition in controversy through broad allegations of physical injuries, exacerbation of preexisting medical conditions, and loss of enjoyment of life (see O'Brien v Village of Babylon, 153 AD3d at [*2]548-549; Greco v Wellington Leasing L.P., 144 AD3d 981, 982; Bravo v Vargas, 113 AD3d 577, 578-579). Moreover, the Supreme Court providently exercised its discretion in limiting access to the plaintiff's past medical records to the five-year period before the subject accident (see Romance v Zavala, 98 AD3d 726, 727; DeStrange v Lind, 277 AD2d 344, 345). Accordingly, the court properly denied the plaintiff's motion to vacate the disputed provision of the preliminary conference order.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court