Fitzpatrick v Consolidated Resistance Co. of Am., Inc. (2022 NY Slip Op 03097)





Fitzpatrick v Consolidated Resistance Co. of Am., Inc.


2022 NY Slip Op 03097


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-14417
 (Index No. 53834/18)

[*1]Michael Fitzpatrick, et al., respondents, 
v
Consolidated Resistance Company of America, Inc., appellant.


Goetz Schenker Blee & Wiederhorn LLP, New York, NY (Lisa De Lindsay of counsel), for appellant.
Charles R. Sabel, New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated November 25, 2019. The order, insofar as appealed from, denied those branches of the defendant's motion which were to preclude the plaintiffs from offering evidence at trial and to compel the plaintiffs to provide authorizations for the release of certain records.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2018, the plaintiff Michael Fitzpatrick (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against the defendant to recover damages for personal injuries. In October 2019, the defendant, contending that the plaintiffs failed to comply with the defendant's discovery demands, moved, inter alia, to preclude the plaintiffs from offering evidence at trial and to compel them to provide certain authorizations for the release of certain records. In an order dated November 25, 2019, the Supreme Court denied those branches of the defendant's motion. The defendant appeals.
CPLR 3101(a) directs that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." A party, however, "'is not entitled to unlimited, uncontrolled, unfettered disclosure'" (Lombardi v Lombardi, 190 AD3d 964, 966, quoting Geffner v Mercy Med. Ctr., 83 AD3d 998, 998). Since a party does not waive the physician-patient privilege with respect to unrelated illnesses or injuries (see Romance v Zavala, 98 AD3d 726, 727), the defendant was not entitled to authorizations for the release of the injured plaintiff's medical records pertaining to a prior automobile accident and stroke, which injuries and illness were not shown to be related to the subject accident (see McFarlane v County of Suffolk, 60 AD3d 918). The defendant failed to meet its initial burden of demonstrating that those records were relevant to the issues in controversy, and material and necessary to the defense of this action (see CPLR 3101[a]; Shafir v World of Chantilly, Inc., 152 AD3d 814, 814; Sibley v Hayes 73 Corp., 126 AD2d 629, 631; cf. Farkas v Orange Regional Med. Ctr., 97 AD3d 720, 722). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to compel the plaintiffs to provide authorizations for the release of those records.
The Supreme Court also providently exercised its discretion in denying that branch of the defendant's motion which was to compel the plaintiffs to provide releases for the injured plaintiff's union records, as the defendant failed to establish that those records were material and necessary to the defense of this action (see Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, 184 AD3d 792, 794; Adams v Imperial, 115 AD3d 893).
The Supreme Court also properly denied that branch of the defendant's motion which was for a discovery sanction based upon alleged delays in production of other materials, since, in light of evidence that the plaintiffs largely complied with the numerous court orders pertaining to discovery, the defendant failed to establish that the plaintiffs' conduct was willful and contumacious (see Candela v Kantor, 154 AD3d 733; De Leo v State-Whitehall Co., 126 AD3d 750, 752; Scorzari v Pezza, 111 AD3d 916, 917).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court