Froehlich v Kimco Realty Corp. (2022 NY Slip Op 04294)

Froehlich v Kimco Realty Corp.

2022 NY Slip Op 04294

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-07626
 (Index No. 602018/19)

[*1]Dennis Froehlich, respondent, 
v
Kimco Realty Corporation, et al., appellants.

Simmons Jannace DeLuca, LLP, Hauppauge, NY (Ian E. Hannon of counsel), for appellants.
Grey & Grey, LLP, Farmingdale, NY (Maribel Gomez of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), entered September 21, 2020. The order denied the defendants' motion to compel the plaintiff to provide authorizations for the release of Workers' Compensation, disability, and medical records pertaining to his preexisting injuries.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he alleges he sustained after a fall in a parking lot allegedly owned or maintained by the defendants. In his bill of particulars, the plaintiff alleged that he sustained a left elbow fracture, which required surgery and resulted in chronic pain and loss of range of motion in the left elbow.
During discovery, the defendants demanded that the plaintiff provide authorizations for the release of Workers' Compensation, disability, and medical records pertaining to injuries to the plaintiff's right shoulder and both knees, which occurred prior to the subject accident. Upon the plaintiff's refusal to provide the authorizations, the defendant moved to compel that discovery. By order entered September 21, 2020, the Supreme Court denied the motion. The defendants appeal.
"It is well settled that a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [citation and footnote omitted]; Romance v Zavala, 98 AD3d 726, 727 [internal quotation marks omitted]). However, "a party does not waive the physician-patient privilege with respect to unrelated illnesses or injuries" (Romance v Zavala, 98 AD3d at 728; see McFarlane v County of Suffolk, 60 AD3d 918).
Here, the plaintiff has not advanced broad allegations of physical injury or mental anguish, has not claimed exacerbation of preexisting medical conditions in his shoulder or knees, and has expressly disavowed any claim for loss of enjoyment of life, mental anguish, future earnings, [*2]or diminished wage capacity. Instead, the plaintiff's allegations and claim for damages are limited to specific injuries to his left elbow and the residual physical effects of that particular injury. Accordingly, the plaintiff has not placed in controversy either his entire medical condition or the prior injuries and medical treatment of his shoulder and knees (see Quinones v 9 E. 69th St., LLC, 132 AD3d 750, 751; Romance v Zavala, 98 AD3d at 728; Schiavone v Keyspan Energy Delivery NYC, 89 AD3d 916, 916-917; McFarlane v County of Suffolk, 60 AD3d 918; cf. Brito v Gomez, 33 NY3d 1126, 1127; Garland v City of New York, 191 AD3d 770; O'Brien v Village of Babylon, 153 AD3d 547, 548; Bravo v Vargas, 113 AD3d 577, 578). The Supreme Court therefore providently exercised its discretion in denying the defendants' motion to compel.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court