■ CATHERINE D. et al., Appellants, v KENNETH JUDY, D.D.S., Respondent. [832 NYS2d 154]—

Order, Supreme Court, New York County (Joan B. Carey, J.), entered on or about October 13, 2006, which denied plaintiffs' motion for a protective order and directed them to disclose HIV and alcohol/drug records, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings.

Defendant sought authorization to obtain medical records of plaintiff Catherine D., who, along with her husband, commenced this dental malpractice action. Plaintiffs moved for a protective order denying those aspects of defendant's request for the authorization which sought release of records containing HIV-related information and information regarding substance abuse treatment. Supreme Court denied the motion and directed plaintiffs to provide the authorization. We reverse.

Disclosure of HIV-related information is governed by Public Health Law § 2785, which, in pertinent part, provides:

"1. Notwithstanding any other provision of law, no court shall issue an order for the disclosure of confidential HIV related information, except a court of record of competent jurisdiction in accordance with the provisions of this section.

"2. A court may grant an order for disclosure of confidential HIV related information upon an application showing: (a) a compelling need for disclosure of the information for the adjudication of a criminal or civil proceeding . . . ."

Supreme Court did not review defendant's request under the "compelling need" standard. Rather, the court essentially employed the general standard for disclosure, i.e., material and necessary for defense of the action (CPLR 3101 [a]). We therefore remand the matter to Supreme Court to determine whether defendant has demonstrated a compelling need for any HIV-related information (see Public Health Law § 2785 [5]). On remand, Supreme Court should also consider whether disclosure of information regarding substance abuse treatment, if any, is warranted (see Mental Hygiene Law § 22.05 [b]; see also Mental Hygiene Law § 33.13 [e]). Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ.