■ EMMANUEL VELEZ, Respondent, v EILEEN R. DAAR, M.D., Appellant. [838 NYS2d 44]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 26, 2006, which granted plaintiff's motion for an order protecting from disclosure all treatment notes, session transcripts or other recordings of plaintiff's psychotherapy rendered by Dr. Velma Stade, and denied defendant's cross motion to compel such disclosure, unanimously reversed, on the law, without costs or disbursements, plaintiff's motion denied and defendant's cross motion granted.

In this medical malpractice action against his physician for

failure to diagnose thyroid cancer, plaintiff, as part of his damage claim, seeks recovery for psychological and emotional injuries, including "anxiety and depressed emotions requiring therapy" and loss of enjoyment of life. On April 1, 2005, plaintiff provided an authorization for Dr. Stade, a clinical social worker, to disclose "Reports on file; medical/job correspondence; attendance records; diagnostic codes." The authorization stated that disclosure of tapes or notes was "NOT AUTHORIZED." When he testified at his deposition about his counseling from Dr. Stade, which began in 2004, plaintiff was asked if, in therapy, he had identified any issues other than the thyroid cancer as a cause of his psychological symptoms. Plaintiff answered affirmatively, stating that his work environment and family issues brought about stress and anxiety. Based on these revelations, defendant sought an authorization for Dr. Stade's "complete file, including session notes, which were excluded from the previously provided authorization." Defendant's counsel wrote at least five letters to plaintiff's counsel requesting a general authorization for the release of these materials.

Plaintiff sought a protective order, conceding a discussion with the therapist of the subjects at issue, but arguing that this "sensitive private family information" was unrelated to the claims in the lawsuit and could threaten his family relationships. Defendant cross-moved to compel such production or, in the alternative, for an order precluding plaintiff's assertion of claim for emotional distress.

The motion court granted the motion and denied the cross motion, holding that in consulting the social worker after he was diagnosed with cancer, plaintiff did not "automatically waive his psychotherapist-client privilege by commencing this medical malpractice action." The court found significant that plaintiff had not sought the counsel of the therapist prior to the cancer diagnosis. We disagree.

Plaintiff clearly waived his statutory social worker-patient confidentiality privilege (CPLR 4508) by placing his psychological condition in controversy, which he did by acknowledging in his testimony that factors other than his thyroid cancer were causes of his psychological symptoms. There is no claim that he had any psychological complaints before the discovery of cancer. Rather, as plaintiff acknowledges, his depression began with his cancer and would "build" over time thereafter. By affirmatively putting into issue the condition for which he sought counseling, plaintiff impliedly waived the privilege (see Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4508). The materiality and necessity of knowing to what degree

plaintiff's psychological injuries are associated with the alleged medical malpractice and to what extent they are explained by other causes is manifest. "Where records of a sensitive and confidential nature relate to the injury sued upon, disclosure is warranted" (*Napoleoni v Union Hosp. of Bronx*, 207 AD2d 660, 662 [1994]). "The interests of justice in a fair disposition of this dispute outweigh the need for confidentiality" (*id.*). Concur—Tom, J.P., Friedman, Sullivan, Buckley and Kavanagh, JJ.