(April 20, 2010)

■ Nancy Keith, Individually as Surviving Wife and as Administratrix of the Estate of Gary Keith, Deceased, Respondent, v Forest Laboratories, Inc., et al., Appellants. [899 NYS2d 44]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered May 13, 2008, which granted plaintiff's motion for a protective order precluding disclosure of plaintiff's

mental health/social work records, unanimously affirmed, without costs.

Plaintiff Nancy Keith commenced this wrongful death action as administrator of the estate of her late husband Gary Keith, alleging negligence, strict liability and breach of warranty. Plaintiff also asserted an individual claim for loss of consortium. Following plaintiff's deposition, defendants sought the production of plaintiff's mental health records concerning treatment she received from a social worker prior to her husband's death. Upon receipt of defendants' demand for medical authorization for the release of said records, plaintiff moved for a protective order arguing that the records requested were privileged since she had withdrawn her individual cause of action.

CPLR 3101 (a) calls for "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Evidence is material if sought "in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 407 [1968] [internal quotation marks omitted]). However, privileged material, such as information obtained by a social worker, in a professional capacity, from a client (CPLR 4508 [a]), is generally immune from discovery, much like information obtained by a medical doctor in connection with the treatment of a patient (CPLR 4504 [a]; 3101 [b]; *Dillenbeck v Hess*, 73 NY2d 278, 284 [1989]; *Kaplowitz v Borden, Inc.*, 189 AD2d 90, 92 [1993]; *Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 70-71 [1992]). Thus, a litigant seeking discovery of such records is required to demonstrate that the party has waived the privilege by putting his or her condition in controversy (*id.*; *Velez v Daar*, 41 AD3d 164, 165 [2007]; *Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]).

Here, plaintiff's application for a protective order was properly granted. After the withdrawal of her loss of consortium claim, her only remaining claim, for wrongful death, is in a representative capacity, thereby precluding disclosure of her mental health/social work records (*see Napoli v Crovello*, 49 AD3d 699, 699-700 [2008]; *Scalone* at 73). Concur—Gonzalez, P.J., DeGrasse, Manzanet-Daniels and Román, JJ.