Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered February 8, 2012, which, in this wrongful death action, to the extent appealed from as limited by the briefs, granted the motions of defendant Speedy Lube and the Pollari defendants to compel discovery, and denied plaintiffs cross motion for a protective order, unanimously modified, on the law and the facts, to deny that part of defendants’ motions, and grant that part of plaintiffs cross motion, concerning records related to any HTV/AIDS status that plaintiff’s decedent may have had and, with respect to defendants’ demand for authorizations to inspect the medical records of any and all physicians and hospitals that treated decedent in the 10 years prior to his death, to grant their motion only to the extent of compelling plaintiff to produce authorizations for records of physician and hospital treatment in the five years prior to decedent’s death, and otherwise affirmed, without costs.
Flaintiffs husband, the decedent, stopped his car on the side of an overpass on the Bruckner Expressway to close the hood. Plaintiff alleges that the hood had not been properly closed by defendant Speedy Lube after it performed an oil change on the car earlier that day. While decedent was standing in front of the *453 car, another car, driven by defendant Catherine Pollari, rear-ended decedent’s vehicle. This caused decedent’s car to roll into him and push him off the overpass, which was apparently missing a guardrail. Decedent was killed by the fall, and plaintiff commenced this wrongful death action.
The court ordered defendants to take plaintiffs deposition before she would be required to execute any authorizations for the release of medical records related to physician and hospital visits made by decedent prior to his death. However, at her deposition, plaintiff refused to answer questions concerning her husband’s health while he was alive, claiming application of the spousal privilege. She mentioned that he had received social security disability benefits for an eight-year period ending approximately five years before his death, but would not disclose the nature of the disability. Speedy Lube then moved to compel plaintiff to provide it with authorizations to request the medical records related to the treatment of plaintiff by any and all medical providers within 10 years of his death.
Speedy Lube also asserted in the motion that plaintiff had unreasonably objected to protocols it had proposed regarding a scheduled inspection of decedent’s car, and sought an order compelling plaintiff to abide by those protocols. Also, because plaintiff retained exclusive control over the vehicle, and had arranged for an expert to inspect it on an ex parte basis, defendant sought disclosure of the identity of the expert, as well as any recordings the expert had made relating to the inspection or any reports the expert had generated.
The other defendants moved for the same relief. Plaintiff cross-moved for, inter alia, a protective order. In his affirmation in support of the cross motion, plaintiffs counsel invoked Public Health Law § 2785 (2) (a), asserting that the law “shields from disclosure confidential HIV related information, unless an application is made showing ‘a compelling need for disclosure of the information for the adjudication of a criminal or civil proceeding.’ ” Plaintiff argued that defendants had not demonstrated any compelling need for such records. Plaintiff also opposed defendants’ request for medical records in general, contending that she had not placed decedent’s health at issue, and that defendants were on a fishing expedition. Plaintiff asserted that defendants’ proposed inspection protocol was vague and unnecessary, and that it was likely to result in destruction of evidence. Further, she argued that the expert discovery requested by defendants went beyond the scope of what she was obligated to exchange pursuant to CPLR 3101 (d). In reply, defendants collectively asserted that, by invoking Public Health *454 Law § 2785, plaintiff had “suggested” that decedent had HIV or AIDS, which was sufficient to require inspection of related medical records.
The IAS court granted defendants’ motions to compel and denied plaintiffs application for a protective order. It found that decedent’s medical records were relevant and material to plaintiffs wrongful death claim. The court also granted defendants the relief they sought with respect to inspection of the car, but provided that there would be no destructive testing of the car.
It is well settled that, in determining the types of material discoverable by a party to an action, whether something is “material and necessary” under CPLR 3101 (a) is “to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Under that broad standard, defendants are entitled to records shedding light on decedent’s health at the time of his death and prior thereto. Plaintiff is seeking “fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought” (EPTL 5-4.3 [a]). One of the factors in determining fair and just compensation is the decedent’s health and life expectancy at the time of death (see Johnson v Manhattan & Bronx Surface Tr. Operating Auth., 71 NY2d 198, 203 [1988]). Accordingly, it is appropriate for defendants to have access to records reflecting decedent’s health condition in the months and years prior to his death.
At the same time, plaintiff is entitled to some reasonable restriction on the scope of the records. Defendants have made no showing why 10 years of records are material and necessary to the defense of this action. A limitation in scope to records preceding decedent’s death by five years is far more reasonable under the circumstances (see Chervin v Macura, 28 AD3d 600, 601 [2d Dept 2006]).
Defendants’ argument that they are entitled to records bearing on any HIV infection or AIDS which decedent may have had requires a closer analysis than simply deciding whether it is material and necessary. That is because Public Health Law § 2785 (2) limits the circumstances under which a court may order disclosure of such records, and the only one applicable here mandates that the requesting party demonstrate a “compelling need” for the records (§ 2785 [2] [a]). This Court has rejected as “flawed” the argument that “a ‘compelling need’ under Public Health Law § 2785 (2) can be established by a showing that the *455 information [sought] is ‘material and necessary’ within the purview of CPLR 3101 (a)” (Del Terzo v Hospital for Special Surgery, 95 AD3d 551, 552 [1st Dept 2012]). Further, in demonstrating a compelling need, the requesting party must, as a threshold matter, establish that the subject of the requested records actually has or had HIV or AIDS (id. at 553; Budano v Gurdon, 97 AD3d 497, 499 [1st Dept 2012]).
Defendants’ sole argument for establishing that decedent had HIV or AIDS is that plaintiff invoked Public Health Law § 2785 (2) in her cross motion for a protective order. However, something more direct and concrete is required for purposes of compelling production of such sensitive medical records. For example, in Budano (97 AD3d 497), we found that the plaintiff s counsel’s representation that it would not be feasible to redact information related to any HIV status was not probative as to whether the plaintiff actually had HIV (id. at 499). Defendants here have failed to offer any direct evidence suggesting that decedent had HIV or AIDS.
Even if they had made such a showing, we would not find that they demonstrated a compelling need for records related to decedent’s condition. The mere fact that decedent was infected with HIV or had AIDS would not necessarily be material in determining the pecuniary value of his life had the accident not occurred. In order to satisfy the requirements of Public Health Law § 2785 (2), defendants were required to present an expert affidavit linking any such condition to an expected diminution in plaintiffs quality of life and life expectancy (see Budano, 97 AD3d at 499). After all, without such evidence it would be impossible for any court to satisfy its obligation, codified in Public Health Law § 2785 (5), to support any ruling finding a compelling need to disclose HIV and AIDS records with “written findings of fact, including scientific or medical findings, citing specific evidence in the record which supports [such a] finding.” Certainly here the court did not make any such findings, or, at the very least, order a fact-finding hearing to more closely assess whether a compelling need existed (cf. Doe v Sutlinger Realty Corp., 96 AD3d 898, 899 [2d Dept 2012]).
Defendants, citing this Court’s decision in Matter of Plaza v Estate of Wisser (211 AD2d 111 [1st Dept 1995]), argue that it is unnecessary to show a compelling need for HIV and AIDS records where the subject of the records is deceased. However, in that case this Court merely observed that one of the goals of Public Health Law § 2785 is to preserve confidentiality in order to encourage HIV testing, and that such a consideration does not exist where a person who had HIV or AIDS has died (211 *456 AD2d at 123). The Court still performed a compelling need analysis as required by the statute (id.). Accordingly, we do not interpret that case as eliminating the requirement to show compelling need where the subject of the HIV or AIDS records is deceased.
As for the expert discovery sought by defendants, CPLR 3101 (d) (2) only permits the discovery of materials prepared in anticipation of trial “upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Because the condition of the hood latch at the time of the accident will be a key factor in plaintiff’s case, the IAS court properly exercised its discretion in ordering plaintiff to identify the expert or experts who performed the ex parte inspection of the vehicle in question. Further, the court properly directed plaintiff to disclose to defendants written materials and recordings made in connection with the inspection (whether photographic, video, or other), since without them defendants will be at a palpable disadvantage and unable to determine whether any spoliation occurred. However, the court should have made clear that plaintiff is only required to disclose those materials that are reasonably capable of shedding light on the precise type of testing plaintiffs expert or experts performed on the hood latch of the car, and of revealing the condition of the latch before and after the testing. Concur — Mazzarelli, J.E, Moskowitz, DeGrasse, Feinman and Clark, JJ.