*640 Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 4, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiffs’ motion for partial summary judgment on the issue of defendants’ liability under Labor Law § 240 (1), denied so much of defendants’ cross motion for summary judgment as sought dismissal of plaintiff Stephen Serra’s (plaintiff) Labor Law §§ 240 (1) and 241 (6) claims, denied defendants’ motion to compel plaintiff to provide authorizations allowing defendants to obtain all medical records pertaining to his psychological condition and treatment, and granted, upon a search of the record, summary judgment in plaintiffs favor on his Labor Law § 241 (6) claim, unanimously affirmed, without costs.
The court properly granted plaintiffs’ motion for partial summary judgment as to liability on plaintiffs Labor Law § 240 (1) claim, since plaintiffs submitted uncontradicted deposition testimony that the unsecured extended ladder upon which plaintiff was working slipped and fell out from underneath him (see Estrella v GIT Indus., Inc., 105 AD3d 555, 555 [1st Dept 2013]; Dwyer v Central Park Studios, Inc., 98 AD3d 882, 883 [1st Dept 2012]). Plaintiffs actions were not the sole proximate cause of his accident, since the deposition testimony established that his coworker, unbeknownst to plaintiff and in departure from their normal procedure, stopped footing the base of the ladder while plaintiff was still climbing it, thereby allowing it to slip out from underneath plaintiff (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]).
Since we are affirming the grant of partial summary judgment to plaintiff on his Labor Law § 240 (1) claim, we need not address his Labor Law § 241 (6) claim (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 [1st Dept 2011]).
The court providently exercised its discretion in denying defendants’ motion to compel, since plaintiff did not seek to recover damages for emotional or psychological injury, or aggravation of a preexisting emotional or mental condition (see Churchill v Malek, 84 AD3d 446, 446 [1st Dept 2011]). Plaintiffs bill of particulars alleged damages for specific physical injuries in his lower back, and his inclusion of general allegations of “anxiety and mental anguish” resulting from his back injuries did not place his entire mental health history into contention (see Schiavone v Keyspan Energy Delivery NYC, 89 AD3d 916, *641 916-917 [2d Dept 2011]). Concur — Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ. [Prior Case History: 2013 NY Slip Op 31184(U).]