■ SHANE MCMAHON et al., Appellants, v THE COBBLESTONE LOFTS CONDOMINIUM et al., Respondents, et al., Defendants. (And a Third-Party Action.) [22 NYS3d 50]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered July 30, 2015, which denied plaintiffs' motion to strike the answer of defendants-respondents (defendants), and limited plaintiffs' interrogatories and demands for the production of documents, unanimously modified, on the facts, to reinstate demand 22 and strike demand 17, and otherwise affirmed, without costs.

The motion court properly denied plaintiffs' motion to strike defendants' answer, since plaintiffs did not show that defendants' discovery violations, including their failure to fully comply with the court's preliminary conference order, were willful, contumacious, or in bad faith (*see Pezhman v Department of Educ. of the City of N.Y.*, 95 AD3d 625, 625-626 [1st Dept 2012]). Nor have plaintiffs shown that defendants refused to allow them to inspect the condominium's crawl space. Although defendants did not timely respond to plaintiffs' discovery demands and interrogatories, there was no showing of a "repeated failure" to comply with court orders directing disclosure (*Herrera v City of New York*, 238 AD2d 475 [2d Dept 1997]).

The motion court properly struck or limited some of plaintiffs' discovery demands and interrogatories, even though defendants did not timely object to those requests (*Jagopat v City of New York*, 110 AD3d 507, 507 [1st Dept 2013]). Interrogatories 3, 4, 6, 7 and 8, and demands 7, 12, 15, 20, 21, 24-28, and 31-35 are "palpably improper" (*id.* at 508), because they are either overly broad, unduly burdensome, irrevelant, or vague (*see Haller v North Riverside Partners*, 189 AD2d 615, 616 [1st Dept 1993]; *Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d 1283, 1284 [2d Dept 2011]). The motion court properly limited demand 8 to communications concerning the mold condition at issue (*see Engel v Hagedorn*, 170 AD2d 301, 301

[1st Dept 1991]). However, the motion court improperly struck demand 22, finding it duplicative of demand 17. Demand 22 seeks the production of documents concerning the condition of the unit, including the condition of the decking. Demand 17 seeks documents concerning construction, maintenance, and/or repair work on, under, around or affecting the decking. Because demand 22 encompasses demand 17, demand 17 should be stricken and demand 22 reinstated.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.