(February 21, 2017)

■ DENISE JAMES, Respondent, v 1620 WESTCHESTER AVENUE LLC et al., Appellants. [48 NYS3d 51]—

Order, Supreme Court, Bronx County (Laura Douglas, J.), entered on or about November 7, 2014,* which after an in camera review, inter alia, denied defendants' motion to compel plaintiff to authorize the release of medical records pertaining

---

* By order of this Court entered December 22, 2015 (James v 1620 Westchester Ave. LLC, 2015 NY Slip Op 94377[U] [2015]), the notice of appeal dated December 22, 2014, was deemed a valid notice of appeal from the November 7, 2014 order.

to alcohol and drug treatment, mental health information, and HIV-related information, if any, and granted plaintiff's cross motion for a protective order precluding disclosure of such records, modified, on the law, the facts and in the exercise of discretion, to direct disclosure as indicated, and otherwise affirmed, without costs.

Defendants did not meet their burden of showing a "compelling need" for medical records concerning HIV; they failed to submit evidence that would establish a connection between plaintiff's claimed HIV status and her future enjoyment of life (Public Health Law § 2785 [2] [a]; *Budano v Gurdon*, 97 AD3d 497 [1st Dept 2012]; *see also Abdur-Rahman v Pollari*, 107 AD3d 452 [1st Dept 2013]). Similarly, defendants failed to meet their burden of showing that "the interests of justice significantly outweigh the need for confidentiality" such to permit discovery of mental health, alcohol abuse, or substance abuse records (Mental Hygiene Law §§ 33.13 [c] [1]; 22.05 [b]; *see also Keith v Forest Labs., Inc.*, 72 AD3d 519 [1st Dept 2010]; *Catherine D. v Judy*, 38 AD3d 258 [1st Dept 2007]).

As the dissent notes, as a rule, "all matter material and necessary in the prosecution or defense of an action" should be fully disclosed (CPLR 3101 [a]; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403 [1968]). However, plaintiff's alleged general anxiety and mental anguish from back and leg injuries do not place her entire mental and physical health into contention (*see Serra v Goldman Sachs Group, Inc.*, 116 AD3d 639 [1st Dept 2014]; *Gumbs v Flushing Town Ctr. III, L.P.*, 114 AD3d 573 [1st Dept 2014]). She has not, as argued by the dissent, waived any protection applicable to such records.

The records reviewed by the court in camera, however, contain a report of a CT-scan taken April 9, 2012 of plaintiff's cervical spine, one of the areas of the body plaintiff claims was injured in the subject accident. Thus, that report should be exchanged, with any information concerning mental health, HIV status, or substance and/or alcohol abuse redacted. Concur—Renwick, J.P., Webber and Gesmer, JJ.

Saxe and Gische, JJ., dissent in part in a memorandum by Saxe, J., as follows: Although I agree that defendants failed to show the "compelling need" for medical records concerning HIV required by Public Health Law § 2785 (2) (a), I would direct disclosure of, and deny a protective order relating to, records concerning any recent treatment plaintiff received for mental health problems, alcohol abuse or substance abuse, as well as standard medical records.

As a rule, "all matter material and necessary in the prosecu-

tion or defense of an action" should be fully disclosed (CPLR 3101 [a]; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403 [1968]). Plaintiff's injuries were allegedly caused by a trip and fall on a hazardous condition on defendants' property, but more than just plaintiff's physical condition is in issue; she also alleges anxiety and mental anguish, and seeks an award of future pain and suffering, which may incorporate a calculation of life expectancy or an assessment of loss of enjoyment of life (*see* NY PJI 2:280, 2:281). In my view, records regarding any treatment plaintiff recently received for her mental health or for alcohol or substance abuse are sufficiently relevant to satisfy the material and necessary standard of CPLR 3101, and by putting her emotional or psychological condition in controversy plaintiff has waived any protection applicable to such records (*see Velez v Daar*, 41 AD3d 164 [1st Dept 2007]). To the extent that this Court has held that a plaintiff's allegations of anxiety and mental anguish resulting from the alleged physical injuries do not place that plaintiff's mental health history into contention (*see Serra v Goldman Sachs Group, Inc.*, 116 AD3d 639 [1st Dept 2014]), I disagree. It may bear repeating that the discoverability of such records does not mean they are necessarily admissible at trial.