Gonzalez v 1225 Ogden Deli Grocery Corp. (2018 NY Slip Op 01280)





Gonzalez v 1225 Ogden Deli Grocery Corp.


2018 NY Slip Op 01280


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Webber, JJ.


3333 301382/13

[*1]Javier Garcia Gonzalez, Plaintiff-Appellant,
v
1225 Ogden Deli Grocery Corp., Defendant, Pont Eleve Associates, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Marshall, Conway & Bradley P.C., New York (Lauren Turkel of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 29, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment as to liability on his Labor Law §§ 240(1) and 241(6) causes of action against defendant Pont Eleve Associates (Pont Eleve), unanimously modified, on the law, to grant the motion for partial summary judgment on plaintiff's section 240(1) claim, and otherwise affirmed, without costs.
Plaintiff made a prima facie showing of a violation of section 240(1) by his unrebutted testimony that he fell from an unsecured ladder. Defendants' opposition, consisting exclusively of unsworn hearsay statements from witnesses previously undisclosed in discovery, did not suffice to raise a triable issue of fact. The motion court accordingly erred in denying plaintiff's motion for partial summary judgment on his section 240(1) claim.
Plaintiff testified that he was hired by defendant's commercial tenant, defendant deli, to paint a decoration on a sign attached to the store. The deli owner supplied plaintiff with an A-frame ladder, which the owner opened up and placed at the door, as well as with the necessary paint and brushes. Approximately 25 minutes after plaintiff began painting, the ladder shifted "from side to side" and fell to the ground, causing plaintiff to fall. Plaintiff sustained fractured ribs and injuries to his back and right ankle requiring surgery.
Plaintiff's fall from an unsecured ladder establishes a violation of the statute (see Hill v City of New York, 140 AD3d 568 [1st Dept 2016]; Serra v Goldman Sachs Group, Inc., 116 AD3d 639, 640 [1st Dept 2014]) for which defendant property owner is liable, even if the tenant contracted for the work without the owner's knowledge (see Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 335 [2008]). Plaintiff sufficiently identified the location of the deli at his deposition, and also stated that the deli owner offered him money to paint the sign.
In opposition, defendant failed to raise an issue of fact sufficient to defeat summary judgment. The statements of the owner of the deli and the deli worker were unsworn and inadmissible as hearsay. It should be noted that in the over
2 ½ years since the statements were taken, defendant never attempted to obtain affidavits from these witnesses or attempted to depose them, proffering their statements only after plaintiff had moved for summary judgment. Indeed, in its responses to discovery requests, defendant affirmatively represented that it was "not presently in possession of any statements from witnesses to the accident."
While hearsay statements may be offered in opposition to a motion for summary judgment, hearsay statements cannot defeat summary judgment "where it is the only evidence upon which the opposition to summary judgment is predicated" (Narvaez v NYRAC, 290 AD2d 400, 401 [1st Dept 2002]; see e.g. Rodriguez v 3251 Third Ave., LLC, 80 AD3d 434 [1st Dept [*2]2011] [unsworn statement by the plaintiff's employer that he did not know the plaintiff and that plaintiff did not work for him, unaccompanied by other evidence showing that the plaintiff's presence at the work site was unauthorized, insufficient to raise a question of fact to defeat the plaintiff's motion for partial summary judgment on section 240(1) claim]). In addition, the names of the witnesses were previously undisclosed in discovery, and thus should not be considered in opposition to the motion (see Rodriguez v New York City Hous. Auth., 304 AD2d 468, 469 [1st Dept 2003]).
Defendant's argument that summary judgment should be denied because the accident was unwitnessed is similarly unpersuasive (see Erkan v McDonald's Corp., 146 AD3d 466 [1st Dept 2017]).
Plaintiff having made a prima facie showing of entitlement to summary judgment, which was not refuted by defendant's deficient opposition, the motion court erred in failing to grant plaintiff's motion for partial summary judgment on his section 240(1) claim.
In light of the grant of plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, we need not address his Labor Law § 241(6) claim (see Fanning v Rockefeller
Univ., 106 AD3d 484, 485 [1st Dept 2013]; Henningham v Highbridge Community Hous. Dev. Fund Corp., 91 AD3d 521, 522 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK