76th & Broadway Owner LLC v Consolidated Edison Co. of N.Y. Inc. (2018 NY Slip Op 02409)





76th & Broadway Owner LLC v Consolidated Edison Co. of N.Y. Inc.


2018 NY Slip Op 02409


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6192 452935/14

[*1]76th and Broadway Owner LLC, et al., Plaintiffs-Respondents,
v
Consolidated Edison Company of New York Inc., Defendant-Appellant, General Glass & Metal LLC, Defendant.
Consolidated Edison Company of New York Inc., Third-Party Plaintiff,
v
Safeway Construction Enterprises, Inc., Third-Party Defendant-Appellant.


McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York (Sean M. Prendergast of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered September 5, 2017, which, inter alia, denied defendant-third-party plaintiff Consolidated Edison's and third-party defendant Safeway Construction Enterprises, Inc.'s motions for summary judgment dismissing the complaint and cross claims as against them, unanimously reversed, on the law, with costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
In the underlying personal injury action against the plaintiffs in the instant action, an employee of defendant General Glass & Metal LLC, one of multiple contractors working at a construction site, was injured when he stepped on a protruding nail in a piece of plywood which was allegedly part of a platform in a fenced-in delivery area.
In the instant action, after Con Ed and Safeway established their prima facie entitlement to summary judgment, the motion court erred in finding that plaintiffs raised a triable issue of fact with an accident report based on speculation and hearsay.
Specifically, although the report's author had a business duty to prepare the report, the statement in the report that the platform "must have been moved during demolition and trench work . . . [by Con Ed]" indicated that he did not have first hand knowledge of the occurrence and was relying on speculative statements made by others, who are not identified. Nor is there any indication that this inference was based on first hand knowledge of a third party who was under a business duty to inform the author (see Cardona v New York City Hous. Auth., 153 AD3d 1179 [1st Dept 2017; CPLR 4518). The business records exception to the hearsay rule does not permit the receipt into evidence of entries based upon voluntary hearsay statements made by third parties not engaged in the business or under a duty in relation thereto (see Johnson v Lutz, 253 NY 124, 128 [1930]). Moreover, the statement that the plywood was dislodged from the platform of a traffic light by Con Ed workers was speculative in that the area was replete with employees of [*2]various subcontractors performing construction work and with deliveries from numerous vendors, any one of which could have struck the platform on the traffic light (see Beckford v New York City Hous. Auth., 84 AD3d 441 [1st Dept 2011]).
In the absence of any nonhearsay, nonspeculative evidence in opposition, Con Ed and Safeway are entitled to summary judgment (see Gonzalez v 1225 Ogden Deli Grocery Corp., __ AD3d __, 2018 NY Slip Op 01280 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK