Vasquez-Santos v Mathew (2019 NY Slip Op 00541)





Vasquez-Santos v Mathew


2019 NY Slip Op 00541


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8210N 158793/13

[*1] Genaro Vasquez-Santos, Plaintiff-Respondent,
v
Leena Mathew, Defendant-Appellant. [And A Third Party Action]


McDonald & Safranek, New York (Kenneth E. Pinczower of counsel), for appellant.
William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered June 7, 2018, which, to the extent appealed from as limited by the briefs, denied defendant's motion to compel access by a third-party data mining company to plaintiff's devices, email accounts, and social media accounts, so as to obtain photographs and other evidence of plaintiff engaging in physical activities, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent indicated herein.
Private social media information can be discoverable to the extent it "contradicts or conflicts with [a] plaintiff's alleged restrictions, disabilities, and losses, and other claims" (Patterson v Turner Const. Co., 88 AD3d 617, 618 [1st Dept 2011]). Here, plaintiff, who at one time was a semi-professional basketball player, claims that he has become disabled as the result of the automobile accident at issue, such that he can no longer play basketball. Although plaintiff testified that pictures depicting him playing basketball, which were posted on social media after the accident, were in games played before the accident, defendant is entitled to discovery to rebut such claims and defend against plaintiff's claims of injury. That plaintiff did not take the pictures himself is of no import. He was "tagged," thus allowing him access to them, and others were sent to his phone. Plaintiff's response to prior court orders, which consisted of a HIPAA authorization refused by Facebook, some obviously immaterial postings, and a vague affidavit claiming to no longer have the photographs, did not comply with his discovery obligations. The access to plaintiff's accounts and devices, however, is appropriately limited in time, i.e., only those items posted or sent after the accident, and in subject matter, i.e., those items discussing or showing defendant engaging in basketball or other similar physical activities (see Forman v Henkin, 30 NY3d 656, 665 [2018]; see also Abdur-Rahman v Pollari, 107 AD3d 452, 454 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK