Abrew v Triple C Props., LLC (2019 NY Slip Op 08952)





Abrew v Triple C Props., LLC


2019 NY Slip Op 08952


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10572 21109/16E

[*1] Jose R. Abrew, Jr., Plaintiff-Respondent,
v
Triple C Properties, LLC, et al., Defendants-Appellants.


Koster, Brady & Nagler LLP, New York (Erica L. Mobley of counsel), for appellants.
Burns & Harris, New York (Jason S. Steinberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura Douglas, J.), entered March 5, 2018, which, insofar as appealed from, denied defendants' motion to compel plaintiff to provide unrestricted medical authorizations and for records relating to his prior hernia injury, unanimously modified, on the law and the facts, the motion granted to the extent that plaintiff is directed to provide authorizations for medical records relating to his hernia injury from the date of that injury to present, and otherwise affirmed, without costs.
Plaintiff was injured when the ceiling in his apartment collapsed on him in August 2015. As a result of the accident, plaintiff underwent two back surgeries in October 2016. According to two hospital operative reports, plaintiff's back surgeries were complicated and protracted by a prior hernia surgery. Accordingly, the medical records from the 2012 hernia injury are material and necessary to his claim for pain and suffering relating to the back surgeries, and discovery of preexisting conditions is permitted where it is relevant to the injuries to the parts of the body that were placed in controversy (see Walters v Sallah, 109 AD3d 401 [1st Dept 2013]). Plaintiff's argument that defendants failed to provide an affidavit of a medical expert linking the hernia injury to his back surgeries, is unavailing. The operative reports, which were written by doctors, noted the effect of the prior hernia surgery on the back surgeries.
Furthermore, defendants argue that they are entitled to discovery of plaintiff's general medical condition both before and after the 2015 accident, based on plaintiff's claim that his injuries are permanent, caused mental anguish, prevented him from enjoying life, and interfered with his ability to perform his daily activities. However, this Court has repeatedly rejected such broad requests for discovery of prior injuries (see e.g.
James v 1620 Westchester Ave., LLC, 147 AD3d 575 [1st Dept 2017]; Kenneh v Jey Livery Serv., 131 AD3d 902 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK