Hunlock v New York City Tr. Auth. (2021 NY Slip Op 03115)





Hunlock v New York City Tr. Auth.


2021 NY Slip Op 03115


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 153113/17 Appeal No. 13842N Case No. 2020-03279 

[*1]Brianne Hunlock, Plaintiff-Respondent,
v
New York City Transit Authority, Defendant-Appellant.


Barry McTiernan & Moore LLC, New York (Claire F. Rush of counsel), for appellant.
Kelner & Kelner, New York (Joshua D. Kelner of counsel), for respondent,



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered July 2, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion to compel production of plaintiff's medical, mental health and substance abuse treatment records from 2008 to date, and only ordered plaintiff to provide authorizations for all medical and psychological records for the period from January 2016 to the date of the accident, June 16, 2016, unanimously affirmed, without costs.
The motion court providently compelled disclosure of plaintiff's medical and psychological records for the six-month period preceding the accident and denied defendant's demand for disclosure of medical and psychological records dating back eight years before the accident. Defendant demonstrated that records dating back to the beginning of 2016 were material and necessary to determining whether plaintiff's February 2016 hospitalization was related to the accident that caused her injuries. However, defendant failed to show that records dating back to 2008 were material and necessary to assessing causation, plaintiff's ability to recover from her injuries, or her future prognosis (see Dillenbeck v Hess, 73 NY2d 278, 286-287 [1989]; see also Koump v Smith, 25 NY2d 287, 300 [1969]). Defendant's expert made only generalized claims that these records were necessary to determine her life expectancy, which was insufficient in light of the evidence concerning plaintiff's overall health that has been disclosed (see Del Terzo v Hospital for Special Surgery, 95 AD3d 551, 552-553 [1st Dept 2012]).
Additionally, whether plaintiff raised a loss of enjoyment claim in her bill of particulars - and her bill of particulars shows that she did not make that claim - defendant did not show that plaintiff's past history of substance abuse or mental health treatment was related to her injuries from the accident or that the accident exacerbated conditions that she exhibited before 2016 (see James v 1620 Westchester Ave. LLC, 147 AD3d 575 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021