DiMaggio v Port Auth. of N.Y. & N.J. (2024 NY Slip Op 03080)

DiMaggio v Port Auth. of N.Y. & N.J.

2024 NY Slip Op 03080

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

Index No. 801207/21 806773/21 813194/21 801133/22 Appeal No. 2435 Case No. 2023-05269 

[*1]Salvatore DiMaggio, et al., Plaintiffs-Appellants,
v
Port Authority of New York and New Jersey, et al., Defendants-Respondents. 

Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for appellants.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 21, 2023, which granted defendants' motion to dismiss pursuant to CPLR 3126 to the extent of compelling plaintiffs to provide an affidavit pursuant to Jackson v City of New York (185 AD2d 768 [1st Dept 1992]) identifying which of 19 prior incidents involving an individual named "Salvatore DiMaggio" involved plaintiff herein, if any, and to provide authorizations to obtain for records relating to those incidents, unanimously modified, on the law and in the exercise of discretion, to strike the requirement that plaintiffs provide a Jackson affidavit and to provide that any authorizations may be limited to records related to injuries to or treatment of plaintiff Salvatore DiMaggio's face, mouth, head, cervical spine, and/or thoracolumbar spine, and otherwise affirmed, without costs.
Plaintiffs allege that Salvatore was struck in the face by a metal rod during a construction project at an airline terminal. Defendants served a demand for a bill of particulars and a demand for authorizations enabling them to obtain documents related to 19 prior workers compensation claims, lawsuits, and motor vehicle insurance claims brought by an individual or individuals named "Salvatore DiMaggio." In opposing defendants' motion to dismiss or to compel discovery, plaintiffs acknowledged, on information and belief, that one or two of the prior incidents may have involved plaintiff Salvatore. At the same time, plaintiffs provided a bill of particulars specifying that, as a result of the accident, Salvatore sustained injuries to his face, head and spine, with resultant "anxiety, depression and emotional distress," as well as aggravation of prior asymptomatic conditions. Plaintiffs also provided authorizations for records of post-accident treatment but did not provide any authorizations for records related to any of the 19 incidents.
The court improvidently exercised its discretion in compelling plaintiffs to provide a Jackson affidavit, because that procedure applies when a party seeks documents from another party who claims that the requested documents are missing or otherwise unavailable to them (see Lis v Lancaster, 210 AD3d 505, 506 [1st Dept 2022]). Here, defendants have not asked plaintiffs to provide documents, but to provide authorizations to enable them to obtain documents from others. Under the circumstances, the order, in effect, required plaintiffs to treat the demand for authorizations as interrogatories asking Salvatore to state whether or not he was involved in each of the 19 prior claims or incidents. However, "CPLR 3130 (1) prohibits the service of interrogatories upon a party served with a demand for a bill of particulars" (Spierer v Bloomingdale's, 17 AD3d 252, 252 [1st Dept 2005]). Although defendants were not required to conduct depositions before demanding authorizations (see Rios v Donovan, 21 AD2d 409, 414 [1st Dept 1964]), they cannot require plaintiffs to respond [*2]to interrogatories and also provide a bill of particulars.
Given that plaintiffs acknowledged that "one or two" of the 19 prior incidents involved Salvatore and did not timely object to the demand for authorizations, the court providently compelled plaintiffs to provide authorizations for records related to claims made by Salvatore and incidents in which he was involved. Plaintiffs waived objection based on any ground other than palpable impropriety or privilege by failing to timely object to the discovery demands (see Khatskevich v Victor, 184 AD3d 504, 505 [1st Dept 2020]). Defendants' demands for authorizations were not palpably improper as they were not overly broad, unduly burdensome, or irrelevant (compare McMahon v Cobblestone Lofts Condominium, 134 AD3d 646, 646 [1st Dept 2015]).
Since Salvatore alleges that the accident aggravated or exacerbated preexisting injuries, the authorizations should be unrestricted by date (see McGlone v Port Auth. of N.Y. & N.J., 90 AD3d 479, 480 [1st Dept 2011]). However, plaintiffs are not required to provide unlimited authorizations for medical records, but only for those relating to the parts of the body that have been affirmatively placed in controversy (see Brito v Gomez, 33 NY3d 1126, 1127 [2019]; Kenneh v Jey Livery Serv., 131 AD3d 902, 903 [1st Dept 2015]). Further, plaintiffs' allegations of general anxiety, depression, and mental anguish from those injuries did not place Salvatore's entire mental health into contention (see Watts v Am. BD Co., 220 AD3d 631 [1st Dept 2023]; James v 1620 Westchester Ave. LLC, 147 AD3d 575, 576 [1st Dept 2017]). Moreover, defendants did not attempt to demonstrate that "the interests of justice significantly outweigh the need for confidentiality" so as to permit discovery of mental health records (see Mental Hygiene Law §§ 33.13 [c][1]; 22.05[b]; see James, 147 AD3d at 576).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024