Duran v East 185th St. Realty Corp. (2024 NY Slip Op 04807)

Duran v East 185th St. Realty Corp.

2024 NY Slip Op 04807

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 27791/19E Appeal No. 2698 Case No. 2024-00899 

[*1]Jenny Molina Duran, Plaintiff-Respondent,
v
East 185th Street Realty Corp., Defendant-Appellant.

Goetz Schenker Blee & Wiederhorn LLP, New York (Lisa De Lindsay of counsel), for appellant.
Mitchell Dranow, Sea Cliff, for respondent.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered on or about August 2, 2023, which, to the extent appealed and as limited by the briefs, denied defendant's cross-motion to dismiss the complaint, or, in the alternative, for an order directing plaintiff to provide all outstanding discovery or be precluded from seeking damages for alleged emotional injury, unanimously affirmed, without costs.
The motion court in this action where plaintiff alleges a slip-and-fall on stairs providently exercised its discretion in denying defendant's non-tailored discovery request for all of plaintiff's mental health records dating five years back from the date of the accident. Plaintiff's generalized allegations of depression, anxiety, fear, emotional harm, and curtailment of her daily life activities stemming from her accident did not place her entire mental health history at issue (see e.g., DiMaggio v Port Auth. of N.Y. & N.J., 228 AD3d 426, 427 [1st Dept 2024]; Watts v American BD Co., 220 AD3d 631 [1st Dept 2023]; James v 1620 Westchester Ave. LLC, 147 AD3d 575, 576 [1st Dept 2017]). Defendant offered no grounds to find that the requested medical records are material and necessary to the claims plaintiff asserts in connection with her accident (see Abrew v Triple C Props., LLC, 178 AD3d 526, 526-527 [1st Dept 2019]; see also Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573 [1st Dept 2014]). Defendant had the burden to show that "the interests of justice significantly outweigh[ed] the need for confidentiality" to allow discovery of mental health, alcohol abuse, or substance abuse records (Mental Hygiene Law § 33.13[c][1]; 22.05[b]; see James v 1620 Westchester Ave. LLC, 147 AD3d 575, 576 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024