Parker v Simmons

2026 NY Slip Op 03077

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Julia Parker, Plaintiff-Appellant,

v

Alice Simmons, Defendant-Respondent.

Decided and Entered: May 14, 2026

Index No. 152852/20|Appeal No. 6606|Case No. 2025-02612|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

The Law Firm of Andrew M. Stengel, P.C., New York (Andrew M. Stengel of counsel), for appellant.

The Law Offices of Michael J.S. Pontone, New York (Michael J.S. Pontone of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 31, 2025, which granted defendant's motion to quash the subpoena served on nonparty Benjamin N. Cardozo School of Law, and denied plaintiff's cross-motion to compel defendant to respond to her Fourth Supplemental Notice for Discovery and Inspection and Authorizations, unanimously modified, on the law and in the exercise of discretion, to deny defendant's motion and grant plaintiff's cross-motion to the extent of directing defendant to produce documents concerning all communications between herself and any employee or agent of Cardozo pertaining to allegations of sexual assault made by her against a law school classmate, and an executed authorization for the release of all records pertaining to a nondisclosure agreement she executed in connection with that alleged sexual assault, with the name of the other student redacted, and otherwise affirmed, without costs.

We exercise our inherent discretion to direct that the records concerning defendant's prior complaint of sexual assault at Cardozo should be produced, with the name of the other student redacted, since they are material and necessary to plaintiff's case. Pretrial disclosure extends not only to admissible proof, but also to evidence which may lead to the disclosure of admissible proof (see Polygram Holding, Inc. v Cafaro, 42 AD3d 339, 341 [1st Dept 2007]). Plaintiff should have the opportunity to discover the facts regarding the previous sexual assault allegation by defendant and why defendant's complaint was dismissed by Cardozo, to determine if defendant has exhibited a pattern of unfounded complaints of sexual assault. "Where records of a sensitive and confidential nature relate to the injury sued upon, disclosure is warranted [because t]he interests of justice in a fair disposition of [the] dispute outweigh the need for confidentiality (see Velez v Daar, 41 AD3d 164, 166 [1st Dept 2007] [internal quotation marks and citation omitted]). Further, the record in this action is sealed.

While the foregoing disclosure may be relevant to the allegations in the action, disclosure of defendant's counseling records at Cardozo is not warranted. We note that plaintiff already has a copy of the nondisclosure agreement and Cardozo's Annual Security Report for the relevant period.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026